KENNETH J. DIEHL, Plaintiff v. DENNIS S. KOFFER, M.D., Defendant

No. COA99-1114

(Filed 17 October 2000)

**Medical Malpractice— res ipsa loquitur—not applicable**

Plaintiff was not entitled to an instruction on res ipsa loquitur in a medical malpractice action arising from a gallbladder removal where the proper standard of care, the surgical procedure, and the attendant risks were not within the common knowledge or experience of a jury and there was conflicting expert testimony. Plaintiff must be able to show, without expert testimony,

that the injury was of a type not typically occurring in the absence of some negligence by defendant.

Appeal by plaintiff from judgment entered 5 February 1999 by Judge Donald W. Stephens in Johnston County Superior Court. Heard in the Court of Appeals 16 August 2000.

*Snipes Law Office, by David W. Snipes, for plaintiff-appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Mark E. Anderson, for defendant-appellee.*

HUNTER, Judge.

Kenneth J. Diehl ("plaintiff") appeals to this Court the trial court's judgment dismissing his complaint with prejudice after a jury concluded that Dennis S. Koffer, M.D. ("defendant") was not negligent in his rendering of medical care to plaintiff. (We note defendant Johnston Surgical Associates, P.A. was dismissed from the action upon summary judgment and is not party to this appeal.) Plaintiff brings forward only one assignment of error, that being, that the trial court erred by refusing to instruct the jury on the issue of *res ipsa loquitur.* We find no error.

The record before us reveals that on 20 December 1993, Dr. Koffer operated on plaintiff to remove his gallbladder. The procedure, known as a laparascopic cholecystectomy,

involves the insertion of sharp instruments, known as trocars, into the belly of the patient, so that the gallbladder can be visualized with small cameras and removed without a large incision. [A few minutes into the operation,] [d]uring the insertion of the initial trocar, damage was done to the Plaintiff's mesentery, duodenum and aorta. . . .

The facts show:

Plaintiff's blood pressure dropped to 57 over 32. . . . [A]n anesthesiologist[] was called to the operating room. . . . [A] general surgeon, . . . a pathologist, and two additional nurse anesthetists were also called to the operating room. Later, . . . a vascular surgeon . . . was also called to the operating room.

. . .

DIEHL v. KOFFER

[140 N.C. App. 375 (2000)]

Defendant [Koffer] . . . made the decision that the laparoscopic surgical procedure had to be aborted and that Plaintiff had to be opened up.

. . .

After the surgery, Plaintiff was moved to the intensive care unit . . . where he remained for approximately nine days.

Plaintiff's claim in this case rests on the sole question of whether Dr. Koffer, in violation of the standard and accepted medical practices of the area, negligently inserted the trocar into plaintiff's abdomen, thus entitling plaintiff to the requested *res ipsa loquitur* jury instruction. Plaintiff argues that the

evidence at trial established that during a laparoscopic gallbladder surgery, the standard and accepted practice at the time of Plaintiff's surgery was to introduce the trocar into the patient's abdomen in a downward angle toward the patient's feet, and that this practice was employed in order to avoid injuries to the patient such as those incurred by Plaintiff. . . . [Furthermore,] the evidence at trial supported a jury instruction on the doctrine of res ipsa loquitur and that, had the jury been so instructed, there was sufficient evidence from which the jury could find, in the absence of direct proof, that Plaintiff would not have been injured unless Defendant negligently inserted the trocar into Plaintiff's abdomen in an upward direction, contrary to standard and accepted practices.

Thus, the only issue on appeal is whether Plaintiff introduced sufficient evidence at trial to require that the trial court instruct the jury on the doctrine . . . .

We hold that plaintiff was not entitled to such an instruction.

We recognize that the doctrine of *res ipsa loquitur*,

in its distinctive sense, permits negligence to be inferred from the physical cause of an accident, without the aid of circumstances pointing to the responsible human cause. Where this rule applies, evidence of the physical cause or causes of the accident is sufficient to carry the case to the jury on the bare question of negligence. But where the rule does not apply, the plaintiff must prove circumstances tending to show some fault of omission or commission on the part of the defendant in addition to those which indicate the physical cause of the accident.

*Harris v. Mangum*, 183 N.C. App. 235, 237, 111 S.E. 177, 178 (1922). Therefore, " '*[r]es ipsa loquitur* (the thing speaks for itself) simply means that *the facts of the occurrence itself warrant an inference of defendant's negligence, i.e.*, that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking.' " *Sharp v. Wyse*, 317 N.C. 694, 697, 346 S.E.2d 485, 487 (1986) (emphasis in original) (quoting *Kekelis v. Machine Works*, 273 N.C. 439, 443, 160 S.E.2d 320, 323 (1968). However,

> *applicability of the res ipsa loquitur doctrine depends on whether* **as a matter of common experience** *it can be said the accident could have happened without dereliction of duty* on the part of the person charged with culpability.
>
> **The doctrine is grounded in the superior logic of ordinary human experience**; [and] it permits a jury, on the basis of experience or common knowledge, to infer negligence from the mere occurrence of the accident itself. *However,* **application of the doctrine** *based on common knowledge* **is allowed only when** *the occurrence clearly speaks for itself.*

57B Am. Jur. 2d, *Negligence* § 1826 (1989) (emphasis added) (footnotes omitted). Therefore, in order for the doctrine to apply, not only must plaintiff have shown that his injury resulted from defendant's insertion of the trocar into plaintiff's abdomen, but *plaintiff must have been able to show—without the assistance of expert testimony—that the injury was of a type not typically occurring in absence of some negligence by defendant. Id.* Thus, expert proof of the standard of care should not have been necessary for plaintiff to show a jury that defendant was negligent.

In his brief to this Court, plaintiff concedes that our Courts "have been somewhat restrictive in the application of the doctrine . . . in medical malpractice cases." Further, plaintiff states that he "is aware that . . . this Court has voiced disfavor at the practice of using expert testimony in res ipsa loquitur cases, stating that the facts must be such that the jury can infer negligence from common experience." Nevertheless, plaintiff argues that, although the trial court relied on *Prosser and Keeton on the Law of Torts* § 39 (5th ed. 1984) in establishing its view of disallowing medical testimony to prove the doctrine's applicability, he can "find[] nothing in th[e] [treatise's] passage to advocate a preclusion of the use of expert testimony in res ipsa loquitur cases." We are unpersuaded by plaintiff's argument, if for no other reason than that this Court has long held the position that in

order for *res ipsa loquitur* to apply, the negligence complained of must be of the nature that a jury—through common knowledge and experience—could infer. *Bowlin v. Duke University*, 108 N.C. App. 145, 149, 423 S.E.2d 320, 323 (1992) ("injury to the sciatic nerve during a bone marrow harvest procedure is peculiarly the subject of expert opinion, and a layman would have no basis for concluding that defendant was negligent in extracting the marrow"). *See also, Grigg v. Lester*, 102 N.C. App. 332, 335, 401 S.E.2d 657, 659 (1991) (any layman could properly infer the tear in plaintiff's abdomen sustained during caesarean section resulted from force applied by the physician; however, "in the absence of [expert] testimony . . . , a layman would have no basis for concluding that the force exerted was either improper or excessive"); and, *Jackson v. Stancil and Smith v. Stancil*, 253 N.C. 291, 297, 116 S.E.2d 817, 821 (1960) ("the doctrine of *res ipsa loquitur* does not apply, 'it being common knowledge that aeroplanes do fall without fault of the pilot' ") (quoting *Smith v. Whitley*, 223 N.C. 534, 535, 27 S.E.2d 442, 443 (1943)).

In the case at bar, plaintiff's expert, Dr. A. R. Moosa testified that the proper method for inserting the trocar into a patient's abdomen was at a downward angle, and "[i]t has to be inserted very, very carefully because if you push too forcefully or in the wrong direction you may perforate something that you don't intend to." Thus, it was Dr. Moosa's opinion that defendant was negligent in his insertion of the trocar into plaintiff's abdomen.

However, defendant presented evidence that "even with proper application of technique, the injury sustained by [plaintiff] was a complication of the procedure." Furthermore, another of plaintiff's experts, Dr. Alice Seldon, who was actually present at some point during plaintiff's surgery, testified that the trocar no doubt caused the injuries; however, the trocar "wasn't angled up. It was angled . . . like toward the middle and maybe a little bit toward the feet." "[T]he way you're taught to do it . . . ." Furthermore, in response to whether the injuries plaintiff sustained could happen even when the surgeon is doing exactly what they were taught to do, Dr. Seldon responded:

Yes. In fact, it's happened. That's one of the reasons that it's not done that way anymore. That procedure has changed from a blind procedure to an open procedure. Because even if you did it the exact same way that you were taught, you ran into problems, mind you not often, but often enough that the procedure was changed [since the time plaintiff had his surgery].

This Court does not believe, that the proper standard of care or surgical procedure for gallbladder removal nor its attendant risks are within the common knowledge or experience of a jury. Thus, expert testimony was not only proper but necessary. As such, because there was conflicting expert testimony as to defendant's negligence, we cannot therefore hold that "the injury is one that [would] not ordinarily occur in the absence of some negligent act or omission" by defendant. *Grigg*, 102 N.C. App. at 333, 401 S.E.2d at 658. Our ruling is borne out by evidence reflecting that plaintiff's injuries are not all that uncommon but are known to occur when the operating physician utilizes the blind insertion technique—a technique that was commonly used at the time plaintiff had his surgery but which, has since changed, due to these types of injuries. "This Court has consistently reaffirmed that *res ipsa loquitur* is inappropriate in the usual medical malpractice case, where the question of injury and the facts in evidence are peculiarly in the province of expert opinion." *Bowlin*, 108 N.C. App. at 149-50, 423 S.E.2d at 323. *See also, Elliot v. Owen*, 99 N.C. App. 465, 393 S.E.2d 347 (1990). Thus, we cannot deviate from the precedent set. We therefore hold that plaintiff was not entitled to a jury instruction on the doctrine of *res ipsa loquitur*. Accordingly, we find no error in the trial court's decision to deny plaintiff's request for such instruction.

No error.

Judges LEWIS and WALKER concur.