SHIMISHA HOWIE, PLAINTIFF v. JOHN T. WALSH, D.D.S., DEFENDANT

No. COA04-155

(Filed 1 March 2005)

## 1. Dentists— malpractice—res ipsa loquitur—expert testimony required

The trial court erred by entering judgment on a jury verdict finding that plaintiff was injured by the negligence of defendant dentist based on the doctrine of res ipsa loquitur and by awarding $300,000 in damages for personal injuries, because: (1) in order for the doctrine to apply, not only must plaintiff have shown that the injury resulted from defendant's negligent act, but plaintiff must be able to show without the assistance of expert testimony that the injury was of a type not typically occurring in the absence of some negligence by defendant; and (2) in the instant case, without the assistance of expert testimony a layperson would lack a basis upon which he could determine the force the dentist used in removing a wisdom tooth was excessive or improper as such matters are considered outside of common knowledge, experience, and sense.

**2. Costs— improperly taxed against defendant—reversal of judgment**

The trial court's imposition of costs against defendant in the amount of $2,305 is reversed because the Court of Appeals reversed the trial court's judgment against defendant.

**3. Medical Malpractice; Dentists— instruction—circumstantial evidence**

The trial court erred in a medical malpractice case by failing to instruct the jury as to circumstantial evidence as provided in N.C.P.I. Civ. 101.45 and plaintiff is entitled to a trial de novo, because: (1) barring the use of the doctrine of res ipsa loquitur does not likewise bar the use of all circumstantial evidence in medical malpractice cases, but merely bars the jury from inferring negligence and causation from the occurrence of and defendant's relation to the event; and (2) the trial court's instructions improperly limited the jury's choices to utilizing direct evidence for purposes of traditional negligence and utilizing circumstantial evidence for purposes of res ipsa loquitur.

Appeal by plaintiff and defendant from judgment entered 17 July 2003 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 September 2004.

*Gittleman, Paskel, Tashman & Walker, P.C., by Justin Haas, for plaintiff.*

*Carruthers & Roth, P.A., by Kenneth L. Jones, and Womble, Carlyle, Sandridge, & Rice, P.L.L.C., by James Cooney, for defendant.*

*William H. Potter, Jr., on behalf of the North Carolina Dental Society, amicus curiae.*

CALABRIA, Judge.

John T. Walsh, D.D.S., ("defendant") appeals a judgment entered on a jury verdict finding Shimisha Howie ("plaintiff") was injured by the negligence of defendant based on the doctrine of *res ipsa loquitur* and awarding $300,000.00 in damages for personal injuries. We reverse and remand for a new trial.

On 12 March 1999, plaintiff's jaw was fractured while defendant, a licensed general dentist, was attempting to extract her lower left

wisdom tooth. Plaintiff's tooth was eighty to ninety percent impacted, meaning only ten to twenty percent of the tooth protruded above the bone of the jaw, and the tooth was tilted mesially, or forward towards the midline of the body. The tooth had two roots, was not diseased and had a normal, healthy periodontal ligament attaching the roots of the tooth to the bone of the jaw. Defendant successfully extracted the first three of plaintiff's wisdom teeth before proceeding to the tooth in question.

Defendant testified that, prior to the procedure, there was no indication that plaintiff's jaw was abnormal in any way. Because defendant did not remember the surgery until the point where plaintiff's jaw fractured, his testimony concerning that portion of the surgery consisted mainly of his normal procedure during an extraction based on plaintiff's dental history and records.

Defendant testified that, when extracting wisdom teeth, he first incises the tissue surrounding the tooth, then uses a flat spoon periostic elevator to reflect the tissue and expose the tooth. The tooth is wider at the middle than at its crown; thus, the surrounding bone holds a tooth in place and must be cut away with a surgical burr. Thereafter, defendant slides a straight elevator, an instrument somewhat resembling a Phillips-head screwdriver, under the exposed tooth and attempts to rotate it to determine if there is sufficient movement. Assuming sufficient movement, defendant applies pressure on the elevator to determine if the tooth can be raised, thereby allowing the attached ligament to be separated from the roots. If the tooth does not elevate, defendant removes more bone surrounding the tooth, sections (cuts) the tooth, or both.

Sectioning is often required when the roots of the tooth are growing in different directions. When sectioning a tooth, defendant cuts the tooth into two parts, each with a root and removes one section at a time. Defendant removes each sectioned portion with a Cryers elevator, a surgical steel pick-like instrument, which uses leverage to "roll" the section, along with the root, out of the socket. Although some force is necessary to remove the sections, a dentist relies primarily on technique to remove the section in a manner minimizing resistance. The ability of the patient to cooperate is also a factor in a successful outcome.

In this particular surgical procedure, defendant testified plaintiff's tooth did not elevate properly, and he opted to section it. Defendant could not recall if he removed any further bone surround-

ing the tooth. Defendant managed to remove the mesial section of plaintiff's tooth without incident; however, when he attempted to remove the second section of the tooth with the Cryers elevator, he heard a snap and knew plaintiff's jaw had fractured. Plaintiff sustained nerve damage and a compound fracture, which required surgical intervention to repair. Plaintiff brought this malpractice action against defendant to recover damages sustained as a result of the injury.

Plaintiff's experts testified that plaintiff's jaw was normal and not particularly susceptible to fracture and that the force required to cause a compound fracture of plaintiff's jaw had to be significant. In the opinion of plaintiff's expert, Roger Druckman, D.D.S., defendant used improper technique in extracting the tooth; specifically, he opined that defendant used excessive force as evidenced by the fact that "the condyle was actually dislocated from its position in the joint during the fracture." He further opined "the surgical technique used by the dentist in placing the Cryer's instrument is the—one of the elevating instruments to get the last root out—was improperly placed and it was placed in as a wedge. And that is the—definitely below the standard of care." Dr. Druckman further testified that, in his opinion, "[i]t's almost impossible for a Cryer's instrument to cause the jaw fracture unless there was excessive force." Defendant, however, testified that he "kn[ew] that [he] was not using excessive force" and that is why it was "such a surprise" that plaintiff's jaw fractured.

The trial court presented three issues to the jury and instructed them on each:

1. Was the plaintiff Shimisha Howie Richards injured by the negligence of the defendant John Walsh based on the doctrine of direct negligence?

2. Was the plaintiff Shimisha Howie Richards injured by the negligence of the defendant John Walsh based on the doctrine of res ipsa loquitur?

3. What amount is the plaintiff Shimisha Howie Richards entitled to recover for personal injuries?

Defendant's objection to allowing the jury to consider the issue under *res ipsa loquitur* was overruled. Plaintiff's request that the jury be instructed with the general instruction on circumstantial evidence was also denied. The jury found plaintiff was not injured by the negligence of defendant based on the doctrine of direct negligence but

was injured by defendant based on the doctrine of *res ipsa loquitur*. The jury found plaintiff entitled to recover $300,000.00 for personal injuries. Defendant appeals.

[1] In defendant's first assignment of error, he argues that the trial court erred by "instructing the jury on the doctrine of *res ipsa loquitur* and submitting an issue to the jury on said doctrine."

> *Res ipsa loquitur* is a doctrine addressed to those situations where the facts or circumstances accompanying an injury by their very nature raise a presumption of negligence on the part of defendant. It is applicable when no proof of the cause of an injury is available, the instrument involved in the injury is in the exclusive control of defendant, and the injury is of a type that would not normally occur in the absence of negligence.

*Bowlin v. Duke University*, 108 N.C. App. 145, 149, 423 S.E.2d 320, 322 (1992). "Application of *res ipsa* in medical malpractice actions has received special attention, resulting in what our Supreme Court has characterized as a 'somewhat restrictive' application of the doctrine." *Schaffner v. Cumberland County Hosp. System*, 77 N.C. App. 689, 692, 336 S.E.2d 116, 118 (1985) (citation omitted). This circumspect application is founded on two principles that "render[] the average juror unfit to determine whether [a] plaintiff's injury would rarely occur in the absence of negligence[:]" (1) most medical treatment involves inherent risks despite adherence to the appropriate standard of care and (2) "the scientific and technical nature of medical treatment[.]" *Id.* These principles contend with the basic foundation of the doctrine, which "is grounded in the superior logic of ordinary human experience [and] permits a jury, on the basis of experience or common knowledge, to infer negligence from the mere occurrence of the accident itself." *Diehl v. Koffer*, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (citation and emphasis omitted). "Therefore, in order for the doctrine to apply, not only must plaintiff have shown that [the] injury resulted from defendant's [negligent act], but plaintiff must [be] able to show—without the assistance of expert testimony—that the injury was of a type not typically occurring in absence of some negligence by defendant." *Id.*

In the instant case, plaintiff's cause of action for medical malpractice is premised upon the assertion that defendant negligently used the Cryers elevator to remove plaintiff's tooth. A layperson might be able to infer that the fracture to plaintiff's jaw resulted from the application of force by defendant with the Cryers elevator; how-

ever, without the assistance of expert testimony, the layperson would lack a basis upon which he could determine the force was excessive or improper as such matters are outside his common knowledge, experience and sense. *Accord Grigg v. Lester*, 102 N.C. App. 332, 401 S.E.2d 657 (1991). Such information, we are of the opinion, would necessarily have to be provided by an expert. Under the holdings of *Diehl* and *Grigg*, we are constrained to agree with defendant that instruction on the doctrine was improper and reverse the judgment. We encourage trial courts to remain vigilant and cautious about providing *res ipsa loquitur* as an option for liability in medical malpractice cases other than in those cases where it has been expressly approved. *See, e.g., Grigg*, 102 N.C. App. at 335, 401 S.E.2d at 659 (approving the use of the doctrine for "injuries resulting from surgical instruments or other foreign objects left in the body following surgery and injuries to a part of the patient's anatomy outside of the surgical field").[1]

[2] In defendant's second assignment of error, he contends no costs should have been taxed against him in the exercise of the trial court's discretion on the grounds that judgment should not have been entered against him. Plaintiff also appeals, arguing the trial court abused its discretion by denying certain additional costs requested by her. The trial court taxed costs in the amount of $2,305.00 against defendant. Having reversed the judgment, we likewise reverse the trial court's imposition of costs against defendant in this action.

[3] In plaintiff's brief, she assigns error to the trial court's refusal to charge the jury with an instruction on direct and circumstantial evidence on the issue of negligence. However, plaintiff failed to include in the record an assignment of error regarding this issue as required by N.C. R. App. P. 10(a) (2004). Nonetheless, we choose to consider plaintiff's assignment of error pursuant to our discretion under N.C. R. App. P. 2 (2004). Specifically, plaintiff argues the trial court failed in instructing the jury as to circumstantial evidence as provided in N.C.P.I.—Civ. 101.45, which provides, in relevant part, as follows:

---

1. We are cognizant of this Court's holding in *Parks v. Perry*, 68 N.C. App. 202, 314 S.E.2d 287 (1984) in which this Court discussed the use of expert testimony in a medical malpractice case in determining the availability of the doctrine of *res ipsa loquitur*. However, we note that *Parks* involved an injured ulnar nerve in the patient's right arm during the time she was anesthetized for a vaginal hysterectomy. Accordingly, the *Parks* case would appropriately fit within that class of cases involving an injury outside the surgical field for which the doctrine of *res ipsa loquitur* has been allowed.

> There are two types of evidence from which you may find the
> truth as to the facts of a case—direct and circumstantial evi-
> dence. Direct evidence is the testimony of one who asserts actual
> knowledge of a fact, such as an eyewitness; circumstantial evi-
> dence is proof of a chain or group of facts and circumstances
> pointing to the existence or non-existence of certain facts.

Defendant contends *res ipsa loquitur* encompasses all forms of cir-
cumstantial evidence; hence, if the trial court could not instruct the
jury with respect to *res ipsa loquitur*, it could not instruct the jury
with respect to circumstantial evidence. We disagree.

As our Supreme Court has noted, " 'A *res ipsa loquitur* case is
ordinarily *merely one kind of case of circumstantial evidence*, in
which the jury may reasonably infer both negligence and causation
from the mere occurrence of the event and the defendant's relation to
it.' " *Kekelis v. Machine Works*, 273 N.C. 439, 443, 160 S.E.2d 320, 323
(1968) (quoting Restatement (Second) of Torts § 328D, at p. 157
(1965) (emphasis added)). Barring the use of the doctrine of *res ipsa
loquitur* does not likewise bar the use of all circumstantial evidence
in medical malpractice cases. It merely bars the jury from inferring
negligence and causation from the occurrence of and defendant's
relation to the event. In the instant case, the trial court's instructions
improperly limited the jury's choices to utilizing direct evidence for
purposes of traditional negligence and utilizing circumstantial evi-
dence for purposes of *res ipsa loquitur*. We hold the trial court's
failure to instruct with respect to N.C.P.I.—Civ. 101.45, the circum-
stantial evidence instruction, constituted prejudicial error, entitling
plaintiff to a trial *de novo*.

New trial.

Judges McCULLOUGH and GEER concur.