IVAN HAYES Plaintiff v. RANDY ALAN PETERS, M.D., SALEM GASTROENTEROLOGY ASSOCIATES, P.A., and FORSYTH MEMORIAL HOSPITAL, INC., Defendant

No. COA06-1157

(Filed 19 June 2007)

**1. Medical Malpractice— stroke during surgery—res ipsa loquitur—12(b)(6) dismissal**

The trial court did not err by granting defendants' motions to dismiss a medical malpractice action under N.C.G.S. § 1A-1, Rule 12(b)(6) because plaintiff relied on res ipsa loquitur to support his claim that his stroke during a procedure was the result of negligence. The average juror would not be able to infer negligence based on common knowledge or experience, and air emboli are not a foreign object or injury outside the scope of the surgical field.

## 2. Medical Malpractice— action based on res ipsa loquitur— Rule 9(i) certification—not required

The certification requirements of N.C.G.S. § 1A-1, Rule 9(j) were not implicated in a medical malpractice case where plaintiff asserted only a res ipsa loquitur claim. The constitutionality of Rule 9(j) was not properly before the court in this case.

Appeal by plaintiff from judgment entered 12 May 2006 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 29 March 2007.

*Hatfield, Mountcastle, Deal, Van Zandt & Mann, L.L.P., by John P. Van Zandt, III, and Marc Hunter Eppley, for plaintiff-appellant.*

*Wilson & Coffey, L.L.P., by Linda L. Helms, for defendant-appellees Randy Alan Peters, M.D., and Salem Gastroenterology Associates, P.A.*

*Horton and Gsteiger, P.L.L.C., by Elizabeth Horton, for defendant-appellee Forsyth Memorial Hospital, Inc.*

STEELMAN, Judge.

Plaintiff's complaint did not sufficiently state a claim for medical malpractice under the common law doctrine of *res ipsa loquitur*, thus the trial court properly dismissed it pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

In January of 2004, Ivan Hayes ("plaintiff") reported difficulty swallowing to his primary care physician. Plaintiff was referred to Dr. Randy Alan Peters ("Dr. Peters"), a specialist in Gastroenterology. On 23 January 2004, plaintiff was placed under general anesthesia for an esophagastroduodenoscopy ("procedure") ordered by Dr. Peters. About twenty minutes into the procedure, plaintiff became unresponsive and emergency procedures were implemented. An emergency CT scan revealed air emboli in plaintiff's central nervous system. A right hemispheric stroke resulted, leaving plaintiff physically and mentally debilitated.

On 12 December 2005, plaintiff filed a complaint for medical malpractice under the common law doctrine of *res ipsa loquitur* against defendants Dr. Peters, Salem Gastroenterology Associates, P.A., and Forsyth Memorial Hospital, Inc. On 24 January 2005, an amended

complaint was filed to correct the name of the hospital defendant. On 28 February 2006, defendant Forsyth Memorial Hospital, Inc., moved to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 9(j) & 12(b)(6). On 15 March 2006, defendants Dr. Peters and Salem Gastroenterology Associates, P.A., also moved to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 9(j) & 12(b)(6). On 17 April 2006, Judge Spivey heard the motions to dismiss. On 11 May 2006, Judge Spivey granted each of the motions to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Plaintiff appeals.

**[1]** In his first and second arguments, plaintiff contends that the trial court erroneously granted defendants' motions to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) because the complaint properly alleged a claim for medical malpractice under the common law doctrine of *res ipsa loquitur*. We disagree.

The grant of a motion to dismiss is reviewed *de novo* on appeal. *Lea v. Grier*, 156 N.C. App. 503, 507, 577 S.E.2d 411, 414 (2003). A motion to dismiss based on N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) should be granted when the plaintiff has failed "to state a claim upon which relief can be granted." N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2004). "[D]espite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6)." *Stanback v. Stanback*, 297 N.C. 181, 204, 254 S.E.2d 611, 626 (1979) (citing *Sutton v. Duke*, 277 N.C. 94, 104, 176 S.E.2d 161, 167 (1970)).

The common law doctrine of *res ipsa loquitur* has been described by this Court:

> *Res ipsa loquitur* is a doctrine addressed to those situations where the facts or circumstances accompanying an injury by their very nature raise a presumption of negligence on the part of defendant. It is applicable when no proof of the cause of an injury is available, the instrument involved in the injury is in the exclusive control of defendant, and the injury is of a type that would not normally occur in the absence of negligence.

*Bowlin v. Duke University*, 108 N.C. App. 145, 149, 423 S.E.2d 320, 322 (1992). In order for the doctrine to apply, an average juror must be able to infer, through his common knowledge and experience and without the assistance of expert testimony, whether negligence

occurred. *Diehl v. Koffer*, 140 N.C. App. 375, 378-79, 536 S.E.2d 359, 362 (2000).

*Res ipsa loquitur* has been limited in medical malpractice cases because most medical treatment involves inherent risk and is of a scientific nature. *Schaffner v. Cumberland County Hospital System, Inc.*, 77 N.C. App. 689, 692, 336 S.E.2d 116, 118 (1985). This Court has encouraged "trial courts to remain vigilant and cautious about providing *res ipsa loquitur* as an option for liability in medical malpractice cases other than in those cases where it has been expressly approved." *Howie v. Walsh*, 168 N.C. App. 694, 699, 609 S.E.2d 249, 252 (2005); *see, e.g., Grigg v. Lester*, 102 N.C. App. 332, 335, 401 S.E.2d 657, 659 (1991) (noting that the doctrine of *res ipsa loquitur* is approved in two limited circumstances: (1) injuries resulting from surgical instruments or other foreign objects left in the body following surgery; and (2) injuries to a part of the patient's anatomy outside of the surgical field).

In the instant case, plaintiff relies on *res ipsa loquitur* to support his claim that his stroke was the result of negligence on the part of defendants. Taking the allegations in plaintiff's complaint as true, we do not believe the average juror would, based on his common knowledge or experience, be able to infer whether plaintiff's injury resulted from a negligent act. In addition, we do not find air emboli to be either a foreign object or injury outside of the scope of the surgical field to bring plaintiff's claim within the categories this Court has approved for the application of *res ipsa loquitur*. *See Grigg*, at 335, 401 S.E.2d at 659. Expert testimony would be necessary for the average juror to determine whether a stroke was an injury that would not normally occur in the absence of negligence. *Cf. Bowlin*, at 149-50, 423 S.E.2d at 323 (holding that the plaintiff's *res ipsa loquitur* claim failed because a layman would have no basis for concluding that the defendant was negligent in the plaintiff's bone marrow harvest procedure); *Grigg*, at 335, 401 S.E.2d at 659 (finding no error in the trial court's refusal to instruct the jury on *res ipsa loquitur* when the doctrine did not apply to the injury sustained). This assignment of error is without merit.

[2] In his third argument, plaintiff contends that N.C. Gen. Stat. § 1A-1, Rule 9(j), is unconstitutional. We decline to address plaintiff's argument.

"The certification requirements of Rule 9(j) apply only to medical malpractice cases where the plaintiff seeks to prove that the defend-

**IN RE D.K.H.**

[184 N.C. App. 289 (2007)]

ant's conduct breached the requisite standard of care—not to *res ipsa loquitur* claims." *Anderson v. Assimos,* 356 N.C. 415, 417, 572 S.E.2d 101, 103 (2002); *see also* N.C.G.S. § 1A-1, Rule 9(j) (2001).

In the instant case, plaintiff asserted only a *res ipsa loquitur* claim in his complaint. As to this claim, the certification requirements of N.C. Gen. Stat. § 1A-1, Rule 9(j) were not implicated. *See Anderson,* at 417, 572 S.E.2d at 103. Thus, the question of the constitutionality of N.C. Gen. Stat. § 1A-1, Rule 9(j) is not properly before us in this case. *See State ex rel. Edmisten v. Fayetteville Street Christian School,* 299 N.C. 351, 359, 261 S.E.2d 908, 914 (1980). Accordingly, we decline to address plaintiff's third argument.

AFFIRMED.

Judges HUNTER and LEVINSON concur.