MICHAEL H. McGUIRE, Plaintiff v. DR. ROBERT R. RIEDLE and GASTON
MEMORIAL HOSPITAL, INC., Defendants

No. COA07-1276

(Filed 3 June 2008)

### 1. Medical Malpractice— Rule 9(j)—witness not willing to testify—no good faith exception

The trial court did not err by dismissing a medical malpractice claim for failure to comply with Rule 9(j) where it was clear that the potential expert witness was not willing to testify that the applicable standard of care was not met. Rule 9(j) does not contain a good faith exception.

### 2. Medical Malpractice— res ipsa loquitur—not sufficiently alleged

Plaintiff failed to state a res ipsa loquitur claim, and the trial correctly dismissed his action under Rule 9(j), where the allegations did not demonstrate that proof of the cause of the injury was not available, the instrument involved was in the exclusive control of defendant, or that the injury would not normally occur in the absence of negligence.

### 3. Medical Malpractice— motion to amend complaint to substitute expert witness—review of records required before filing

The trial court did not err by denying plaintiff's motion to amend a medical malpractice complaint to substitute a new expert witness where the medical care had not been reviewed by a potential expert witness prior to the filling of the complaint. The review must occur before the filing to withstand dismissal.

Appeal by plaintiff from order entered 22 May 2007 by Judge Beverly T. Beal in Gaston County Superior Court. Heard in the Court of Appeals 2 April 2008.

*Katherine Freeman, for plaintiff.*

*Parker Poe Adams & Bernstein LLP, by Harold D. "Chip" Holmes and Scott S. Addison, for defendant Gaston Memorial Hospital, Inc.*

*Caruthers & Roth, P.A., by Norman F. Klick, Jr. and Robert N. Young, for defendant Robert R. Riedle, M.D.*

McGUIRE v. RIEDLE

[190 N.C. App. 785 (2008)]

ELMORE, Judge.

On 8 March 2006, Michael H. McGuire (plaintiff) filed a complaint against Dr. Robert R. Riedle and Gaston Memorial Hospital, Inc. (together, defendants), alleging negligence in leaving a fragment of a screwdriver in plaintiff's knee during reconstructive surgery. In his complaint, plaintiff included a Rule 9(j) certification stating that Dr. Roy A. Majors, the surgeon who removed the fragment from plaintiff's knee, had reviewed the medical care provided plaintiff by defendants, was reasonably expected to qualify as an expert witness, and was willing to testify as to defendants' alleged breach of the standard of care.

On 20 July 2006, plaintiff responded to defendants' discovery requests, stating that Dr. Majors' opinions were unknown. On 13 November 2006, defendants deposed Dr. Majors, who stated that he never reviewed plaintiff's prior care and was never willing to testify as to any alleged breach of the standard of care. Plaintiff, in his own deposition, stated that he did not recall ever speaking to Dr. Majors regarding any alleged breach of the standard of care and that he also did not recall Dr. Majors ever agreeing to serve as an expert witness. Dr. Majors never spoke to plaintiff's attorneys about serving as an expert witness.

Dr. Reidle's attorneys contacted plaintiff's counsel requesting that he dismiss his suit based on his failure to satisfy Rule 9(j). Both defendants' attorneys filed motions to dismiss, including motions to dismiss based on Rule 9(j), and plaintiff filed a motion to amend his complaint. On 22 May 2007, the trial court entered an order dismissing the suit for failure to comply with Rule 9(j). There was no mention of the motion to amend in the trial court's order. Plaintiff now appeals the trial court's 22 May 2007 order, claiming that the trial court erred in granting the motion to dismiss and in failing to grant his motion to amend. After a thorough review of the record and briefs, we affirm the trial court's order of the trial court.

[1] We first address plaintiff's argument that the trial court erred in dismissing his complaint based on his failure to abide by Rule 9(j) of our Rules of Civil Procedure. Rule 9(j) states:

> *Medical malpractice.*—Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 **shall be dismissed unless**:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence **and who is willing to testify that the medical care did not comply with the applicable standard of care;**

(2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (2007) (emphasis added).

Preliminarily, we note that plaintiff presents an incorrect standard of review. Plaintiff contends that because the trial court considered matters outside the pleadings in reaching its decision, defendants' motions to dismiss based on Rule 9(j) violations were converted to a Rule 56 summary judgment motion. Although plaintiff is correct that a motion to dismiss under Rule 12(b)(6) may be converted to a motion for summary judgment in such a situation, *see, e.g., North Carolina R. Co. v. Ferguson Builders Supply, Inc.,* 103 N.C. App. 768, 771, 407 S.E.2d 296, 298 (1991) ("Where matters outside the pleadings are received and considered by the court in ruling on a motion to dismiss under Rule 12(b)(6), the motion should be treated as a motion for summary judgment and disposed of in the manner and on the conditions stated in G.S. 1A-1, Rule 56."), this Court has recently stated that "when ruling on [a motion to dismiss pursuant to Rule 9(j)], a court must consider the facts relevant to Rule 9(j) and apply the law to them." *Phillips v. A Triangle Women's Health Clinic,* 155 N.C. App. 372, 376, 573 S.E.2d 600, 603 (2002) (citation omitted). We therefore note that "our review of Rule 9(j) compliance is *de novo,* because such compliance clearly presents a question of law . . . ." *Smith v. Serro,* 185 N.C. App. 524, 527, 648 S.E.2d 566, 568 (2007) (quotations and citation omitted).

In this case, the trial court was unequivocal in stating that it dismissed plaintiff's action under Rule 9(j), concluding that "Plaintiff failed to comply with the requirements of Rule 9(j) in regard to the content of the complaint, and this action should be dismissed."

Plaintiff's argument that this Court's review should inquire as to whether there was any question of material fact, and his contention that we must view the evidence in the light most favorable to him, are therefore incorrect.

Rule 9(j) is clear that a potential expert witness must be "willing to testify that the medical care did not comply with the applicable standard of care." N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2007). It is equally clear that Dr. Majors was not willing to do so. Plaintiff's arguments regarding good faith are inapposite: Rule 9(j) contains no good faith exception. *See Oxendine v. TWL, Inc.*, 184 N.C. App. 162, 167, 645 S.E.2d 864, 867 (2007) ("When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required.") (quotations and citations omitted).

Moreover, contrary to plaintiff's claims, Rule 9(j) is not merely facial. As our Supreme Court recently stated,

> Rule 9(j) clearly provides that "any complaint alleging medical malpractice . . . *shall* be dismissed" if it does not comply with the certification mandate . . . indicat[ing] that medical malpractice complaints have a distinct requirement of expert certification with which plaintiffs must comply. Such complaints will receive strict consideration by the trial judge.

*Thigpen v. Ngo*, 355 N.C. 198, 202, 558 S.E.2d 162, 165 (2002) (citation omitted) (emphasis in original). Plaintiff did not present the trial court with an expert who was "willing to testify that the medical care did not comply with the applicable standard of care." N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2007). The trial court therefore correctly dismissed the action.[1]

**[2]** Moreover, defendants are correct that plaintiff failed to assert a *res ipsa loquitur* claim as required by Rule 9(j)(3). Plaintiff acknowledges in his brief that "the incantation *'res ipsa loquitur'* was not used in the complaint . . . ." However, he argues that the complaint put forth sufficient allegations to infer such a claim. We disagree.

This Court recently stated that *res ipsa loquitur* "is applicable when no proof of the cause of an injury is available, the instrument

---

1. We decline to address the parties' arguments regarding Dr. Majors' review of the care given. In order to satisfy the Rule 9(j)(1) requirements, plaintiff's expert must have been willing to testify. Because he was not so willing, it is irrelevant whether he in fact reviewed the care that plaintiff received.

involved in the injury is in the exclusive control of defendant, and the injury is of a type that would not normally occur in the absence of negligence." *Howie v. Walsh*, 168 N.C. App. 694, 698, 609 S.E.2d 249, 251 (2005) (quotations and citation omitted). Moreover,

> in order for the doctrine to apply, not only must plaintiff have shown that [the] injury resulted from defendant's [negligent act], but plaintiff must [be] able to show—without the assistance of expert testimony—that the injury was of a type not typically occurring in absence of some negligence by defendant.

*Id.* at 698, 609 S.E.2d at 252 (quotations and citation omitted) (alterations in original). We note that in plaintiff's complaint, he alleged negligence

> in the performance of the April 11, 2001 arthroscopic-assisted ACL reconstruction left knee [sic] in that:
>
> a. the Defendants failed to note the damage to the screwdriver used to set the Bioscrew;
>
> b. the Defendants failed to note any difficulty with the aforementioned screwdriver in the Operative Report;
>
> c. the Defendants failed to note that a fragment of the screwdriver remained within the radiolucent screw within the femoral tunnel in the operative report;
>
> d. the Defendant, Dr. Robert R. Riedle, failed to notify the Plaintiff of the screwdriver fragment that remained in the Plaintiff's left knee;
>
> e. the Defendant, Dr. Robert R. Riedle, failed to provide proper follow-up care in that there was no evaluation or monitoring of the screwdriver fragment.

These are the *only* allegations of negligence on defendants' part in the entire complaint. These allegations do not demonstrate that "no proof of the cause of [the] injury is available, the instrument involved in the injury [was] in the exclusive control of defendant, [or] the injury is of a type that would not normally occur in the absence of negligence." *Walsh*, 168 N.C. App. at 698, 609 S.E.2d at 251 (quotations and citation omitted). Nor does plaintiff contend in his complaint that the "injury was of a type not typically occurring in absence of some negligence by defendant." *Id.* at 698, 609 S.E.2d at 252.

Accordingly, plaintiff failed to state a *res ipsa loquitur* claim, and the trial court correctly dismissed his action under Rule 9(j).

**[3]** Plaintiff also claims that the trial court erred in not considering or allowing his motion to amend. "We review a denial of a motion to amend under Rule 15(a) for abuse of discretion." *Pinewood Homes, Inc. v. Harris,* 184 N.C. App. 597, 607, 646 S.E.2d 826, 833 (2007) (citation omitted).[2]

Plaintiff filed his motion pursuant to Rule 15 of our Rules of Civil Procedure, which states, in reference to plaintiff's situation, that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2007). "[L]eave to amend a pleading may be properly denied under certain circumstances, including but not limited to undue delay, bad faith on the part of the movant, or undue prejudice to the opposing party by virtue of allowance of the amendment." *Zenobile v. McKecuen,* 144 N.C. App. 104, 109, 548 S.E.2d 756, 759 (2001).

Here, plaintiff sought to amend his complaint to substitute a new expert witness, even though the medical care had not been reviewed by a potential expert witness prior to the filing of the complaint. Under Rule 9(j), an expert witness's review of medical care "must occur *before* filing to withstand dismissal." *Ngo,* 355 N.C. at 204, 558 S.E.2d at 166 (emphasis in original). As in *Ngo,*

> [t]here is no evidence in the record that plaintiff alleged the review occurred before the filing of the original complaint. Specifically, there was no affirmative affidavit or date showing that the review took place before the statute of limitations ex-

---

2. We note plaintiff's argument that the trial court committed reversible error in failing to explicitly rule on the motion to amend. The case on which plaintiff relies, *Zenobile v. McKecuen,* 144 N.C. App. 104, 109, 548 S.E.2d 756, 759 (2001), is distinguishable. In *Zenobile,* this Court held, in part, that "[t]he trial court's decision to rule on [the defendant's] motion to dismiss before ruling on plaintiff's motion for leave to amend constitutes reversible error." *Id.* However, in *Zenobile* the plaintiff filed a motion to amend before the defendant filed his motion to dismiss; the trial court failed to rule on the plaintiff's motion for approximately seven months. Also, unlike the current case, the plaintiff in *Zenobile* filed the motion to amend within the applicable statute of limitations. Finally, as this Court noted in *Zenobile,* "leave to amend a pleading may be properly denied under certain circumstances, including but not limited to undue delay, bad faith on the part of the movant, or undue prejudice to the opposing party by virtue of allowance of the amendment." *Id.* (citation omitted). It appears from the record that the trial court, in granting the motion to dismiss, effectively denied the motion to amend. Accordingly, we address this issue as though the trial court had properly denied plaintiff's motion.

SAWYER v. MARKET AM., INC.

[190 N.C. App. 791 (2008)]

pired. Allowing a plaintiff to file a medical malpractice complaint and to then wait until after the filing to have the allegations reviewed by an expert would pervert the purpose of Rule 9(j).

*Id.* at 204, 558 S.E.2d at 166-67. Accordingly, we hold that the trial court did not err in its failure to review or grant plaintiff's motion to amend.

Having conducted a thorough review of the briefs and records, we find no error. We therefore affirm the trial court's order.

Affirmed.

Judges HUNTER and STROUD concur.