ARROWOOD, Judge.
 

 *2
 
 Angela Meshell Bluitt ("plaintiff") appeals from an order granting Wake Forest University Baptist Medical Center, Wake Forest University, North Carolina Baptist Hospital, and Evan Rubery, MD's ("defendants") motion to dismiss for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. For the reasons stated herein, we affirm the order of the trial court.
 

 *479
 
 I.
 
 Background
 

 On 31 January 2017, plaintiff filed a complaint for medical negligence against defendants, relying on the theory of
 
 res ipsa loquitur
 
 . The complaint alleged as follows. On or about 31 January 2014, plaintiff underwent a cardiac ablation, a surgery to remedy an irregular heartbeat, at Wake Forest University Baptist Medical Center. Plaintiff received general anesthesia, rendering her unconscious during the procedure. When plaintiff awoke after the surgery, she immediately "experienced horrific and excruciating pain in her lower back." Prior to being admitted for the cardiac ablation, plaintiff had no back pain or injury, and she claims no personal knowledge as to how, why, or when she sustained the injury to her back. On or about 24 February 2014, the injury on plaintiff's lower back was diagnosed as a third-degree burn. Due to the injury, plaintiff underwent a skin graft on 28 February 2014. Based on these facts, plaintiff alleges that the negligence of defendants was the proximate cause of the injury and damage to her person. The complaint did not allege that plaintiff's medical care had been reviewed by an expert prior to filing.
 

 On 7 April 2017, defendants filed a motion to dismiss for failure to comply with Rule 9(j). Defendants filed a brief in support of their motion, and submitted four affidavits from cardiac electrophysiologists to support their arguments that the motion to dismiss should be granted because: (1) plaintiff's complaint failed to allege facts that establish negligence pursuant to
 
 res ipsa loquitur
 
 ; (2) North Carolina rarely applies
 
 res ipsa loquitur
 
 to medical malpractice claims; (3) plaintiff's alleged injury was an inherent risk of the procedure she underwent; and
 
 *3
 
 (4) even if the burns were not an inherent risk of the procedure, the average juror would require expert testimony to determine whether defendants' conduct fell below the applicable standard of care. In response, plaintiff submitted a brief opposing defendants' motion, photographs of plaintiff's back following the 31 January 2014 surgery, and affidavits from plaintiff and two of her family members.
 

 On 30 May 2017, defendants' motion came on for hearing in Forsyth County Superior Court, the Honorable Richard S. Gottlieb presiding. On 1 June 2017, Judge Gottlieb granted defendants' motion, ruling that plaintiff's complaint failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
 

 Plaintiff appeals.
 

 II.
 
 Discussion
 

 On appeal, plaintiff argues that the trial court erred by granting defendants' motion to dismiss pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure. Specifically, plaintiff argues the trial court converted the motion to dismiss into a motion for summary judgment by considering defendants' expert affidavits, and erred by impermissibly applying Rule 9(j)(1) and (2) 's certification requirements to her Rule 9(j)(3) claim, and, in so doing, failed to treat the complaint's allegations as true. We disagree and affirm the trial court's dismissal of plaintiff's complaint.
 

 We review the trial court's dismissal pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure
 
 de novo.
 

 Alston v. Hueske
 
 ,
 
 244 N.C. App. 546
 
 , 548,
 
 781 S.E.2d 305
 
 , 308 (2016) (citation omitted). "In medical malpractice actions, complaints must meet a higher standard than generally required to survive a motion to dismiss[,]" in that they must also meet the requirements of Rule 9(j).
 

 Id.
 

 at 551-52
 
 ,
 
 781 S.E.2d at 309
 
 (citation omitted). "[W]hen ruling on [a motion to dismiss pursuant to Rule 9(j) ], a court must consider the facts relevant to Rule 9(j) and apply the law to them."
 
 McGuire v. Riedle
 
 ,
 
 190 N.C. App. 785
 
 , 787,
 
 661 S.E.2d 754
 
 , 757 (2008) (quoting
 
 Phillips v. A Triangle Women's Health Clinic, Inc.,
 

 155 N.C. App. 372
 
 , 376,
 
 573 S.E.2d 600
 
 , 603 (2002) ). "[A] trial court's order dismissing a complaint pursuant to Rule 9(j) is reviewed
 
 de novo
 
 on appeal because it is a question of law."
 
 Alston
 
 ,
 
 244 N.C. App. at 549
 
 ,
 
 781 S.E.2d at 308
 
 (internal quotation marks and citation omitted).
 

 Rule 9(j) states:
 

 Medical malpractice.-Any complaint alleging medical malpractice by a health care provider pursuant to
 
 *4
 
 G.S. 90-21.11(2) a. in failing to comply with the applicable standard
 
 *480
 
 of care under G.S. 90-21.12 shall be dismissed unless:
 

 (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 

 (2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 

 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
 

 N.C. Gen. Stat. § 1A-1, Rule 9(j) (2017).
 

 Res ipsa loquitur
 
 applies when (1) direct proof of the cause of an injury is unavailable, (2) defendant controlled the instrumentality involved in the accident, and (3) "the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission."
 
 Grigg v. Lester
 
 ,
 
 102 N.C. App. 332
 
 , 333,
 
 401 S.E.2d 657
 
 , 657-58 (1991) (citations omitted). "The certification requirements of Rule 9(j) apply only to medical malpractice cases where the plaintiff seeks to prove that the defendant's conduct breached the requisite standard of care-not to
 
 res ipsa loquitur
 
 claims."
 
 Anderson v. Assimos
 
 ,
 
 356 N.C. 415
 
 , 417,
 
 572 S.E.2d 101
 
 , 103 (2002) (citation omitted). A plaintiff alleging
 
 res ipsa loquitur
 
 must show that the injury resulted from defendant's negligent act, and also "must be able to show-without the assistance of expert testimony-that the injury was of a type not typically occurring in [the] absence of some negligence by defendant."
 
 McGuire
 
 ,
 
 190 N.C. App. at 789
 
 ,
 
 661 S.E.2d at 758
 
 (internal quotation marks, brackets, and citation omitted).
 

 *5
 
 We first address plaintiff's argument that the trial court applied the incorrect standard of review because its consideration of defendants' experts' affidavits converted the motion to dismiss into a motion for summary judgment. Our Court has previously addressed this argument, explaining that although "a motion to dismiss under Rule 12(b)(6) may be converted to a motion for summary judgment in" a situation where matters outside the pleadings are received and considered in ruling on a Rule 12(b)(6) motion to dismiss, when a court rules on "a motion to dismiss pursuant to Rule 9(j), a court must consider the facts relevant to Rule 9(j) and apply the law to them."
 
 McGuire
 
 ,
 
 190 N.C. App. at 787
 
 ,
 
 661 S.E.2d at 757
 
 (internal quotation marks, brackets, and citations omitted). Accordingly, a trial court's consideration of affidavits related to its Rule 9(j) ruling does not convert a motion to dismiss into a motion for summary judgment.
 
 See
 

 id.
 

 at 787
 
 ,
 
 661 S.E.2d at 757
 
 . Thus, the trial court did not err by failing to convert the motion into a summary judgment motion.
 

 Next, plaintiff contends that the trial court allowed defendants to use the Rule 9(j)(1) and (2) certification requirements to obtain a dismissal of her complaint, even though she pleaded a claim pursuant to Rule 9(j)(3), which she claims stripped her of the right to have her complaint's allegations treated as true pursuant to Rule 12(b)(6). We disagree. Plaintiff's complaint failed to allege facts establishing negligence under the doctrine of
 
 res ipsa loquitur
 
 pursuant to Rule 9(j)(3) ; thus, the trial court correctly dismissed the complaint pursuant to Rule 9(j).
 

 Our Court has "consistently found that '
 
 res ipsa loquitur
 
 is inappropriate in the usual medical malpractice case, where the question of injury and the facts in evidence are peculiarly in the province of expert opinion.' "
 
 Robinson v. Duke Univ. Health Sys., Inc.
 
 ,
 
 229 N.C. App. 215
 
 , 225,
 
 747 S.E.2d 321
 
 , 329 (2013) (quoting
 
 Bowlin v. Duke Univ.
 
 ,
 
 108 N.C. App. 145
 
 , 149-50,
 
 423 S.E.2d 320
 
 , 323 (1992) ) (citation omitted). Nonetheless,
 
 *481
 

 res ipsa loquitur
 
 claims are appropriate in medical malpractice cases where:
 

 [t]he common knowledge, experience and sense of laymen qualifies them to conclude that some medical injuries are not likely to occur if proper care and skill is used; included,
 
 inter alia
 
 , are injuries resulting from surgical instruments or other foreign objects left in the body following surgery and injuries to a part of the patient's anatomy outside of the surgical field.
 

 *6
 

 Id.
 
 at 225,
 
 747 S.E.2d at 331
 
 (quoting
 
 Grigg,
 

 102 N.C. App. at 335
 
 ,
 
 401 S.E.2d at
 
 659 ). We have applied this doctrine in a somewhat restrictive manner, as our Supreme Court has recognized that:
 

 the majority of medical treatment involves inherent risks which even adherence to the appropriate standard of care cannot eliminate. This, coupled with the scientific and technical nature of medical treatment, renders the average juror unfit to determine whether [a] plaintiff's injury would rarely occur in the absence of negligence. Unless the jury is able to make such a determination[, a] plaintiff clearly is not entitled to the inference of negligence
 
 res ipsa [loquitur]
 
 affords.
 

 Id.
 
 at 225-26,
 
 747 S.E.2d at 329-30
 
 (quoting
 
 Schaffner v. Cumberland County Hosp. System,
 

 77 N.C. App. 689
 
 , 692,
 
 336 S.E.2d 116
 
 , 118 (1985) ).
 

 In accordance with this principle, our Court will affirm the dismissal of medical negligence complaints based on the
 
 res ipsa loquitur
 
 doctrine where both the standard of care and its breach must be established by expert testimony.
 
 See, e.g.,
 

 Hayes v. Peters
 
 ,
 
 184 N.C. App. 285
 
 , 288,
 
 645 S.E.2d 846
 
 , 848 (2007) (holding that expert testimony was necessary for the average juror to determine whether a stroke from air emboli during an esophagastroduodenoscopy surgical procedure was an injury that would not normally occur in the absence of negligence);
 
 Howie v. Walsh,
 

 168 N.C. App. 694
 
 , 698-99,
 
 609 S.E.2d 249
 
 , 252 (2005) (holding that expert testimony was necessary for the average juror to determine whether the defendant dentist used excessive or improper force when plaintiff's jaw broke during a wisdom tooth extraction);
 
 Grigg,
 

 102 N.C. App. at 335
 
 ,
 
 401 S.E.2d at 659
 
 (holding that expert testimony was necessary for the average juror to determine whether the force exerted by the defendant obstetrician during a cesarean section was improper or excessive).
 

 Here, plaintiff's cause of action for medical malpractice is premised on the assertion that defendants negligently burned her back while performing a cardiac ablation. She contends that her complaint meets the pleading requirements for a
 
 res
 

 ipsa loquitur
 
 claim, while defendants contend that
 
 res ipsa loquitur
 
 cannot apply as a matter of law to the facts alleged because expert testimony is required for a layperson to evaluate the facts at issue. Defendants support their position with four affidavits from specialists in the field who explain the procedures involved in a cardiac ablation, and that burns to the back, such as the one plaintiff suffered, are an unforeseeable, inherent risk of a cardiac
 
 *7
 
 ablation, and can occur without negligence on the part of the physician performing the procedure.
 

 We agree with defendants that the facts alleged in the complaint necessarily defeat a
 
 res ipsa loquitur
 
 claim. The procedures involved in a cardiac ablation, which is a complex medical procedure, are outside of common knowledge, experience, and sense of a layperson; thus, without expert testimony, a layperson would lack a basis upon which to make a determination as to whether plaintiff's back injury was an injury that would not normally occur in the absence of negligence, or was an inherent risk of a cardiac ablation. When a plaintiff claiming medical negligence would not be able to show that the injury was of a type not typically occurring in the absence of some negligence by a defendant without the use of expert testimony, as here,
 
 res ipsa loquitur
 
 claims are inappropriate.
 
 McGuire
 
 ,
 
 190 N.C. App. at 789
 
 ,
 
 661 S.E.2d at 758
 
 (internal quotation marks and citation omitted).
 

 Based on the facts in the record related to Rule 9(j), it is clear that plaintiff would not be able to prove her claim without the use of expert testimony. Therefore, plaintiff's complaint did not meet the requirements of
 
 *482
 
 Rule 9(j). Accordingly, dismissal pursuant to Rule 9(j) was proper.
 

 AFFIRMED.
 

 Judges STROUD and DAVIS concur.