STAN BRATTON, Plaintiff v. KEVIN OLIVER, JOHN W. HARPER and SOUTH CAROLINA INSURANCE COMPANY, d/b/a THE SEIBELS BRUCE INSURANCE COMPANIES, Defendants

No. COA99-1202

(Filed 19 December 2000)

**Insurance— boat—liability—borrowed for commercial use— exclusion**

Summary judgment was properly granted for defendant-insurance company in a declaratory judgment action to determine coverage for a parasailing accident where a default judgment had been obtained against the driver of the boat, Oliver, who ran a parasailing business and who had borrowed the insured boat because his was out of service. The policy excluded coverage while the boat was being used for a fee or to carry persons or property for a fee; the record demonstrates that the owner knowingly allowed the boat to be borrowed for a commercial purpose and that Oliver used the boat to operate a business for profit. The record does not reveal precisely who would

receive what portion of the profits of the business, but such precision is not required; the policy's focus is on the commercial use of the boat for a fee.

Appeal by plaintiff from order and judgment entered 7 June 1999 by Judge Marcus L. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 August 2000.

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by Rex C. Morgan, for plaintiff-appellant.*

*Golding Holden Cosper Pope and Baker, L.L.P., by Harvey L. Cosper, Jr., and Tricia Y. Morvan, for defendant-appellee Seibels Bruce.*

EDMUNDS, Judge.

Plaintiff appeals the trial court's grant of summary judgment in favor of defendant South Carolina Insurance Company, d/b/a The Seibels Bruce Insurance Companies (Seibels Bruce). We affirm.

Plaintiff Stan Bratton was injured on 4 July 1994 in a parasailing accident at Atlantic Beach, North Carolina. He was being towed by a boat owned by defendant John Harper (Harper) and driven by defendant Kevin Oliver (Oliver). Harper was the named insured in a policy of insurance on the boat issued by Seibels Bruce.

Because this case was resolved by the trial court's granting of Seibels Bruce's summary judgment motion, we obtain our statement of facts from the depositions and other filings. Plaintiff and Harper knew that at one time Oliver owned a boat and operated a business called Sky-High Parasailing. Harper had seen pamphlets for the business, and plaintiff recalled that Oliver had posted an advertisement visible to those crossing the intercoastal waterway to Atlantic Beach. Harper believed Oliver charged customers $30.00 to $35.00 for a fifteen-minute parasail ride. Plaintiff, who often helped Oliver, stated that on some days they would take fifteen to thirty people parasailing and that Oliver typically charged $30.00 for a fifteen-minute ride. Both plaintiff and Harper knew that Oliver required his parasailing customers to sign a release.

On 3 July 1994, Oliver approached Harper at Atlantic Beach, mentioned that his boat was out of service, and asked if he could use Harper's boat to pull parasailers. Harper consented. Although oil and

gas were never mentioned, Harper understood that Oliver would return the boat with the oil and gas replenished. In addition, while Harper did not recall discussing any specific compensation he would receive from Oliver in exchange for letting him use the boat, he did remember that he was "hoping to make some money out of it."

The next day, Oliver, accompanied by plaintiff, met with Harper to borrow Harper's boat again. In his deposition and complaint, plaintiff recounted that Harper stated he (Harper) would receive half of any money Oliver made, and Oliver would ensure that Harper's boat was checked for oil and filled with gas. Harper again loaned Oliver his boat to take people parasailing.

Once the boat and equipment were ready, plaintiff "agreed to test the parasailing apparatus by strapping on the parasail and taking a test flight with defendant Oliver driving the launch boat." Plaintiff was pulled approximately thirty to forty feet in the air before the boat unexpectedly decelerated. Plaintiff fell into shallow surf and sustained severe injuries to his left foot.

Plaintiff filed suit on 24 June 1996 against Oliver, driver of the boat, and Harper, owner of the boat. When Oliver failed to appear, default judgment was entered against him on 4 August 1997. Final judgment was entered against Oliver on 25 September 1997.

On 13 October 1997, plaintiff filed a complaint for declaratory judgment against Oliver, Harper, and Seibels Bruce, asking the trial court to find that the policy Seibels Bruce issued to Harper provided coverage for Oliver in connection with the default judgment obtained by plaintiff. Seibels Bruce denied coverage based on exclusions contained in the policy. The policy reads in pertinent part:

We do not provide liability protection for:

(1) damages for bodily injury or property damage arising out of the ownership, maintenance or use of property

   (a) while it is being used:

   . . . .

   (iii) for a fee or to carry persons or property for a fee.

Seibels Bruce moved for summary judgment, and plaintiff filed a cross-motion for summary judgment. On 7 June 1999, at the conclusion of a hearing on the motions, the trial court granted Seibels

Bruce's motion for summary judgment and denied plaintiff's motion. Plaintiff appeals.

"Summary judgment may be granted in a declaratory judgment action," *N.C. Farm Bureau Mut. Ins. Co. v. Briley*, 127 N.C. App. 442, 444, 491 S.E.2d 656, 657 (1997) (citation omitted), and is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law," N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). We review the record in the light most favorable to the non-moving party. *See Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975). "The meaning of specific language used in an insurance policy is a question of law," *Briley*, 127 N.C. App. at 445, 491 S.E.2d at 658 (citation omitted), and "[a] trial court's grant of summary judgment is fully reviewable by this Court because the trial court rules only on questions of law," *Metropolitan Prop. and Casualty Ins. Co. v. Lindquist*, 120 N.C. App. 847, 849, 463 S.E.2d 574, 575 (1995) (citation omitted).

The trial court was not required to, and did not, make findings of fact or conclusions of law in granting Seibels Bruce's summary judgment motion. *See Mosley v. Finance Co.*, 36 N.C. App. 109, 243 S.E.2d 145 (1978). However, because the underlying action is based upon the meaning of exclusions quoted above in the policy covering Harper's boat, we will review that policy language as applied to the facts of this case.

The pertinent exclusion precludes coverage for the insured "while [the boat] is being used . . . for a fee or to carry persons or property for a fee." The policy does not contain a definition of "fee," and our research reveals no North Carolina cases interpreting a similar clause in an insurance policy. "In the absence of such definition, nontechnical words are to be given a meaning consistent with the sense in which they are used in ordinary speech, unless the context clearly requires otherwise." *Trust Co. v. Insurance Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970) (citation omitted).

Plaintiff argues that "[t]here is no evidence in the present action to support the contention of Seibels Bruce that the boat was being used by Kevin Oliver for a 'fee,' as that term is ordinarily understood." However, we note that in his complaint in the underlying suit for damages, plaintiff alleged:

On or about July 4, 1994, defendant Oliver was engaged in offering parasailing rides to the public for a fee at Atlantic Beach, North Carolina.

. . . .

. . . Upon information and belief, defendant Harper had agreed to allow the defendant Oliver to borrow the boat on July 4, 1994 to launch parasailers in return for the defendant Oliver agreeing to pay to the defendant Harper one-half of any sums received from parasail riders that day.

Plaintiff attached a copy of that complaint to the instant complaint for declaratory judgment. He now seeks a declaration by the trial court that the default judgment obtained against Oliver on the basis of the underlying complaint is covered by the insurance policy issued by Seibels Bruce to Harper. Because the foundation of the instant declaratory action is the original complaint for damages, and because plaintiff has not changed the theory of the underlying action, the allegations in that complaint are controlling. "A party is bound by his pleadings and, unless withdrawn, amended or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader. He cannot subsequently take a position contradictory to his pleadings." *Davis v. Rigsby*, 261 N.C. 684, 686, 136 S.E.2d 33, 34 (1964) (citations omitted). Accordingly, plaintiff may not deny that Oliver was using the boat for a fee.

Moreover, plaintiff admitted that he was working with Oliver in his parasail business when he was injured and stated that while Oliver would drum up interest in parasailing by taking someone aloft so that others on the beach could see, it was plaintiff's idea that demonstrating the parasail might attract interest on the day he was injured. Evidence was presented to support a conclusion that plaintiff was injured while testing the parasailing equipment. Oliver's sole purpose in borrowing the boat on 4 July 1994 was to offer rides to the paying public, and both Harper and plaintiff knew that Oliver customarily charged approximately $30.00 for a fifteen-minute ride.

Although no member of the public was paying for a parasail ride or was even in the boat at the time of plaintiff's injury, we do not deem that factor to be decisive; testing equipment and demonstrating the business activity were aspects of using the boat for its ultimate fee-generating purpose. In *Farmers Ins. Exchange v. Knopp*, 58 Cal.

Rptr. 2d 331 (Cal. Ct. App. 1996), a California Court of Appeals reviewed analogous facts to reach a similar result. In that case, the plaintiff was driving a vehicle for his employer when he collided with a limousine. At the time of the accident, the plaintiff had discharged his passenger and was returning to his employer's place of business. The plaintiff's personal auto insurance policy provided coverage for damages arising out of his use of non-owned vehicles, but excluded coverage for accidents arising out of the use " 'of a vehicle while used to carry persons or property for a charge.' " *Id.* at 333. The court held that this phrase included " 'driving a vehicle while it is employed in accomplishing the assignment of carrying persons or property for a charge.' " *Id.* at 334. Because returning the vehicle to the plaintiff's employer was a "phase[] [of] the process of carrying a person for a charge," the exclusion applied. *Id.*

Plaintiff cites cases where courts have found the use of the word "fee" ambiguous. Several of these cases have examined the role of a driver delivering pizza under circumstances where it was debatable whether the driver's wages should be considered a fee within the meaning of the policy. *See, e.g., U.S. Fid. & Guar. v. Lightning Rod,* 687 N.E.2d 717 (Ohio 1997); *Progressive Cas. Ins. Co. v. Metcalf,* 501 N.W.2d 690 (Minn. Ct. App. 1993). However, the record in the case at bar demonstrates that Harper knowingly allowed Oliver to borrow his boat for a commercial purpose, and that Oliver used the boat to operate a business for profit, charging customers for the privilege of parasailing. Interpreting such payment as a "fee" is consistent with the sense in which it is used in ordinary speech. *See Trust Co.,* 276 N.C. at 354, 172 S.E.2d at 522. Although the record does not reveal precisely who would receive what portion of the profits of the business, such precision is not required; the policy's focus is on the commercial use of the boat for a fee, not the identity of the recipient of the fee. Accordingly, we agree with the trial court that this is an unambiguous use of the boat "for a fee," and summary judgment was properly granted in favor of defendant.

Affirmed.

Judges GREENE and SMITH concur.