MARGARET WRENN ANDERSON v. DR. DEAN GEORGE ASSIMOS, M.D., DR. R. LAWRENCE KROOVARD, M.D., DR. MARK R. HESS, M.D., WAKE FOREST UNIVERSITY PHYSICIANS, WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER, THE MEDICAL CENTER OF BOWMAN GRAY SCHOOL OF MEDICINE AND NORTH CAROLINA BAPTIST HOSPITAL AND THE NORTH CAROLINA BAPTIST HOSPITALS, INCORPORATED

No. 621A01

(Filed 22 November 2002)

**Appeal and Error; Medical Malpractice— Rule 9(j) certification requirements—constitutionality improperly considered**

The certification requirements of Rule of Civil Procedure 9(j) apply only to medical malpractice cases in which the plaintiff seeks to prove that the defendant's conduct breached the requisite standard of care and do not apply to res ipsa loquitur claims. Therefore, where plaintiff asserted a medical malpractice claim based solely on res ipsa loquitur, the certification requirements of Rule 9(j) were not implicated, and the Court of Appeals erred in addressing the constitutionality of Rule 9(j) in this case.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 146 N.C. App. 339, 553 S.E.2d 63 (2001), reversing and remanding an order of dismissal entered 14 December 1999 by Vosburgh, J., in Superior Court, Guilford County. Heard in the Supreme Court 10 September 2002.

*Mary K. Nicholson for plaintiff-appellee.*

*Tuggle Duggins & Meschan, P.A., by J. Reed Johnston, Jr., Amanda L. Fields, and Robert A. Ford, for defendant-appellants.*

*North Carolina Chapter of the American Society of Healthcare Risk Management of the American Hospital Association, by Thomas L. Eure, Ken M. Nanney, and Ronald Burris, amicus curiae.*

*Faison & Gillespie, by O. William Faison, John W. Jensen, Jonathan C. Sauls, and Kristen L. Beightol, on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

*Center for Constitutional Litigation, P.C., by Robert S. Peck, on behalf of the Association of Trial Lawyers of America; and the American Civil Liberties Union of North Carolina Legal Foundation, Inc., by Seth H. Jaffe, amici curiae.*

ANDERSON v. ASSIMOS

[356 N.C. 415 (2002)]

*Smith Anderson Blount Dorsett Mitchell & Jernigan, LLP, by James D. Blount, Jr., Michael W. Mitchell, Christopher G. Smith, and J. Mitchell Armbruster, on behalf of North Carolina Medical Society, North Carolina Hospital Association, the Medical Specialty Societies, North Carolina Medical Group Managers, Old North State Medical Society, and North Carolina Association of Physicians of Indian Origin; and Manning, Fulton & Skinner, P.A., by John B. McMillan, on behalf of North Carolina Citizens for Business and Industry and National Federation of Independent Business, amici curiae.*

PER CURIAM.

The Court of Appeals concluded that Rule 9(j) of the North Carolina Rules of Civil Procedure violates Article I, Section 18 of the North Carolina Constitution and the Equal Protection Clauses of the North Carolina and United States Constitutions. *Anderson v. Assimos*, 146 N.C. App. 339, 553 S.E.2d 63 (2001).

A constitutional issue not raised at trial will generally not be considered for the first time on appeal. *State v. Nobles*, 350 N.C. 483, 495, 515 S.E.2d 885, 893 (1999); *Porter v. Suburban Sanitation Serv., Inc.*, 283 N.C. 479, 490, 196 S.E.2d 760, 767 (1973). Furthermore, the courts of this State will avoid constitutional questions, even if properly presented, where a case may be resolved on other grounds. *State v. Crabtree*, 286 N.C. 541, 543, 212 S.E.2d 103, 105 (1975); *see Rice v. Rigsby*, 259 N.C. 506, 512, 131 S.E.2d 469, 473 (1963).

This Court may exercise its supervisory power to consider constitutional questions not properly raised in the trial court, but only in exceptional circumstances. *See, e.g., State v. Elam*, 302 N.C. 157, 161, 273 S.E.2d 661, 664 (1981); *Rice*, 259 N.C. at 511-12, 131 S.E.2d at 472-73; *see also* N.C. R. App. P. 2. Even so, constitutional analysis always requires thorough examination of all relevant facts. *State v. Fayetteville St. Christian Sch.*, 299 N.C. 351, 359, 261 S.E.2d 908, 914, *aff'd per curiam on reh'g*, 299 N.C. 731, 265 S.E.2d 387, *and appeal dismissed*, 449 U.S. 807, 66 L. Ed. 2d 11 (1980). Thus, a constitutional question is addressed "*only when* the issue is squarely presented upon an adequate factual record and *only when* resolution of the issue is necessary." *Id.* To be properly addressed, a constitutional issue must be "definitely drawn into focus by plaintiff's pleadings." *Hudson v. Atlantic Coastline R.R. Co.*, 242 N.C. 650, 667, 89 S.E.2d 441, 453 (1955), *cert. denied*, 351 U.S. 949, 100 L. Ed. 1473 (1956). If

the factual record necessary for a constitutional inquiry is lacking, "an appellate court should be especially mindful of the dangers inherent in the premature exercise of its jurisdiction." *Fayetteville St.*, 299 N.C. at 358-59, 261 S.E.2d at 913.

Plaintiff's complaint asserts *res ipsa loquitur* as the sole basis for the negligence claim. Because the pertinent allegations have not been withdrawn or amended, the pleadings have a binding effect as to the underlying theory of plaintiff's negligence claim. *See Davis v. Rigsby*, 261 N.C. 684, 686, 136 S.E.2d 33, 34 (1964); *Bratton v. Oliver*, 141 N.C. App. 121, 125, 539 S.E.2d 40, 43, (2000), *disc. rev. denied*, 353 N.C. 369, 547 S.E.2d 808 (2001). Moreover, our review of the record shows that at the hearing in this matter plaintiff represented to the trial court that her negligence claim was based solely on *res ipsa loquitur*. This judicial admission is "binding in every respect." *Estrada v. Burnham*, 316 N.C. 318, 324, 341 S.E.2d 538, 543 (1986). Having made this representation, plaintiff cannot now assert a contradictory position, *Davis*, 261 N.C. at 686, 136 S.E.2d at 34, or " 'swap horses between courts in order to get a better mount,' " *State v. Sharpe*, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)). Therefore, for purposes of this action, plaintiff's negligence claim is based solely on *res ipsa loquitur*.

*Res ipsa loquitur* claims are normally based on facts that permit an inference of defendant's negligence. *See, e.g., Kekelis v. Whitin Mach. Works*, 273 N.C. 439, 443, 160 S.E.2d 320, 322-23 (1968). The certification requirements of Rule 9(j) apply only to medical malpractice cases where the plaintiff seeks to prove that the defendant's conduct breached the requisite standard of care—not to *res ipsa loquitur* claims. N.C.G.S. § 1A-1, Rule 9(j) (2001). As plaintiff in this case asserts only a *res ipsa loquitur* claim, the certification requirements of Rule 9(j) are not implicated. Thus, the Court of Appeals erred in addressing the constitutionality of Rule 9(j) under these circumstances.

Accordingly, the decision of the Court of Appeals is vacated to the extent it concluded that Rule 9(j) violates Article I, Section 18 of the North Carolina Constitution and the Equal Protection Clauses of the North Carolina and United States Constitutions, and defendants' appeal is dismissed.

VACATED IN PART AND APPEAL DISMISSED.