IN THE SUPREME COURT OF NORTH CAROLINA

No. 163A15

Filed 29 January 2016

IVAN MCLAUGHLIN and TIMOTHY STANLEY

v.

DANIEL BAILEY, in his individual and official capacity as Sheriff of Mecklenburg County, and OHIO CASUALTY INSURANCE COMPANY

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 771 S.E.2d 570 (2015), affirming an order granting summary judgment entered on 6 January 2014 by Judge Robert C. Ervin in Superior Court, Mecklenburg County. On 20 August 2015, the Supreme Court allowed plaintiffs' petition for discretionary review of additional issues. Heard in the Supreme Court on 7 December 2015.

*Kennedy, Kennedy, Kennedy and Kennedy, LLP, by Harold L. Kennedy, III and Harvey L. Kennedy, for plaintiff-appellants.*

*Womble, Carlyle, Sandridge and Rice, LLP, by Sean F. Perrin, for defendant-appellees.*

*Tin Fulton Walker & Owen, PLLC, by William G. Simpson, Jr.; and Pinto Coates Kyre & Bowers, PLLC, by Jon Ward, for North Carolina Advocates for Justice, amicus curiae.*

*Edmond W. Caldwell, Jr., General Counsel, North Carolina Sheriffs' Association, amicus curiae.*

*Bailey & Dixon, LLP, by Jeffrey P. Gray; and McGuinness Law Firm, by J. Michael McGuinness, for North Carolina State Lodge of the Fraternal Order of Police, amicus curiae.*

PER CURIAM.

For the reasons stated in *Young v. Bailey*, ___ N.C. ___, ___ S.E.2d ___ (2016) (355PA14-2), plaintiffs' suit under N.C.G.S. § 153A-99 fails. In addition, the suit brought by plaintiff Stanley pursuant to the North Carolina Constitution and the United States Constitution fails for the reasons set out in *Young v. Bailey*.

Unlike plaintiff Stanley, however, plaintiff McLaughlin was not a sworn law enforcement officer, and thus *Young v. Bailey* does not dispose of McLaughlin's constitutional claims. We need not address whether a non-deputy employee of a sheriff, like McLaughlin, may be legally fired on the basis of political speech. Instead, the record indicates that plaintiff McLaughlin violated the department's policies by failing to properly conduct his pod tours and by falsifying paperwork submitted to his supervisors. The record also shows that plaintiff conceded to such allegations and that his termination was upheld by a department review board.

Based on this record, and applying de novo review, *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007), we conclude that the trial court properly granted defendants' motion for summary judgment. Even if defendant Bailey knew that plaintiff McLaughlin did not contribute to his reelection campaign, defendant Bailey had sufficient job-related reasons to terminate this plaintiff. Accordingly, plaintiff McLaughlin's constitutional claims also fail. *See Anderson v. Assimos*, 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002) (per curiam)

("[T]he courts of this State will avoid constitutional questions, even if properly presented, where a case may be resolved on other grounds.").

AFFIRMED.

Justice ERVIN did not participate in the consideration or decision of this case.