Justice BEASLEY dissenting.
While I join in Justice Morgan's dissenting opinion, I write separately to discuss the majority's continued expansion of what constitutes sufficient evidence to support a conviction for kidnapping under N.C.G.S. § 14-39. The majority's reasoning permits the State, in future prosecutions, to sustain a conviction for second-degree kidnapping (a Class E felony)[1] with proof that the defendant engaged in an assault (ranging from a Class 2 to Class A1 misdemeanor)[2] which also had the effect of restraining the victim. Because I believe the majority's interpretation of N.C.G.S. § 14-39 transcends the bounds of the legislature's expressed intent, the statute's purpose, and notions of fundamental fairness, I respectfully dissent.
A person is guilty of kidnapping if he or she "unlawfully confine[s], restrain[s], or remove[s] from one place to another, any other person 16 years of age or over without the consent of such person," when "such confinement, restraint or removal is for the purpose of," inter alia , "[f]acilitating the commission of any felony or facilitating flight of any person following the commission of a felony," N.C.G.S. § 14-39(a)(2) (2017), or "terrorizing the person so confined, restrained or removed," id. § 14-39(a)(3) (2017).[3] However, recognizing that "certain felonies ... cannot be committed without some restraint of the victim," this Court **639 has held that a restraint which is inherent to the commission of the felony which would otherwise supply the predicate felony under subdivision 14-39(a)(2) cannot also support a conviction for kidnapping. State v. Fulcher , 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). Additionally, this Court has held that a restraint which is inherent to another criminal offense committed by the defendant and for which the defendant is punished cannot support a conviction for kidnapping even when the State proceeds under another provision of subsection 14-39(a) which does not require that the defendant restrain the victim for the purpose of committing a felony. See State v. Prevette , 317 N.C. 148, 157-58, 345 S.E.2d 159, 165-66 (1986). *153 In Prevette the defendant was convicted of first-degree murder and first-degree kidnapping. Id. at 149, 345 S.E.2d at 160. The State presented evidence that the victim died as a result of suffocation after she was bound and gagged and her hands and feet were also restrained. Id. at 150-52, 345 S.E.2d at 161-62. Although the State proceeded on a theory of kidnapping based on the argument that the defendant restrained the victim for the purpose of terrorizing her, see N.C.G.S. § 14-39(a)(3), and not for the purpose of committing the murder, see id. § 14-39(a)(2), this Court held that the binding of the victim's hands and feet, "which prevented the removal of the gag," was inherent to the murder and could not support a separate conviction for kidnapping because "the restraint of the victim which resulted in her murder [was] indistinguishable from the restraint used by the State to support the kidnapping charge." Prevette , 317 N.C. at 157-58, 345 S.E.2d at 165-66. The Court in Prevette "examin[ed] the subject, language, and history" of the kidnapping and murder statutes and concluded that the legislature did not "intend[ ] to authorize punishment for kidnapping when the restraint necessary to accomplish the kidnapping was an inherent part of the first degree murder." Id. at 158, 345 S.E.2d at 165-66.
While Fulcher and Prevette were premised in part on the constitutional prohibition against double jeopardy,[4] see Fulcher , 294 N.C. at 523, 525, 243 S.E.2d at 351, 352 ; Prevette , 317 N.C. at 158, 345 S.E.2d at 166, both cases were actually decided on grounds of statutory interpretation.
**640 The Court in Fulcher and Prevette applied the long-accepted canon of statutory interpretation that, "[w]here one of two reasonable constructions of a statute will raise a serious constitutional question, it is well settled that our courts should adopt the construction that avoids the constitutional question." State v. T.D.R. , 347 N.C. 489, 498, 495 S.E.2d 700, 705 (1998) (first citing In re Arthur , 291 N.C. 640, 642, 231 S.E.2d 614, 616 (1977) ; then citing In re Arcadia Dairy Farms, Inc. , 289 N.C. 456, 465-66, 223 S.E.2d 323, 328-29 (1976) ; and then citing Kent v. United States , 383 U.S. 541, 557, 86 S.Ct. 1045, 1055, 16 L.Ed.2d 84 (1966) ); see also , e.g. , Anderson v. Assimos , 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002) (per curiam) (explaining that North Carolina courts "will avoid constitutional questions, even if properly presented, where a case may be resolved on other grounds"). Thus, the requirement that the "restraint" under subsection 14-39(a) used to support a kidnapping conviction must not be the same as the restraint inherent to another charged offense for which a defendant receives a sentence is contained within the statute itself under Fulcher and Prevette .
A proper construction of section 14-39, in light of this Court's concerns regarding the expansion of the crime of kidnapping beyond the legislature's intent, would also require that the restraint necessary to support a conviction for kidnapping go beyond an assault that has the incidental effect of restraining the victim. The statute, in relevant part, requires that the defendant restrain the victim for the purpose of "facilitating" a felony or "terrorizing" the victim. See N.C.G.S. § 14-39(a)(2), (3). Here the majority's interpretation permits defendant's assaultive conduct (pulling the victim off the bed and kicking the victim while he was on the floor) to satisfy the "restraint" element but makes no argument that defendant used this "restraint" for the purpose of terrorizing the victim beyond its recitation that the assaultive conduct *154 "exposed [the victim] to [a] greater danger than that inherent in the [sex offense]" or "increas[ed] the victim's helplessness and vulnerability" beyond the earlier restraint used to commit the sex offense. See State v. Pigott , 331 N.C. 199, 210, 415 S.E.2d 555, 561 (1992). The majority's reasoning is tautological; assaultive conduct that takes place after a completed felony and has the effect of restraining the victim will always "expose[ ] [the victim] to [a] greater danger" or "increas[e] the victim's helplessness and vulnerability" because such conduct is the greater danger .
Undoubtedly, the defendant's reprehensible criminal conduct (breaking and entering into the residence, restraining the victim in order to commit the sex offense, and then later kicking the victim) had the effect of terrorizing the victim; "[t]his Court should not, however, permit **641 these 'bad facts' to lure it into making 'bad law.' " N.C. Baptist Hosps., Inc. v. Mitchell , 323 N.C. 528, 539, 374 S.E.2d 844, 850 (1988) (Meyer, J., dissenting). Importantly, the majority is only relying on the assaultive conduct defendant committed against the victim after the sex offense to support the "restraint" element. Although most assaults have the effect of terrorizing the victim, not all assaults are specifically engaged in for the purpose of terrorizing the victim, and-more importantly-not all assaults constitute kidnapping. Yet the majority's opinion would permit any assault that has the effect of confining or restraining the victim to be charged as kidnapping. See State v. Dix , 282 N.C. 490, 501, 193 S.E.2d 897, 903-04 (1973) (warning that an expansive definition of kidnapping which "overruns other crimes for which the prescribed punishment is less severe" may "create[ ] the potential for abusive prosecutions" by giving a prosecutor " 'naked and arbitrary power' to choose the crime [to] prosecute" (quoting People v. Adams , 34 Mich. App. 546, 560, 192 N.W.2d 19, 26 (1971), aff'd in part and rev'd in part, 389 Mich. 222, 205 N.W.2d 415 (1973) ) ), superseded by statute , Act of June 25, 1975, ch. 843, 1975 N.C. Sess. Laws 1198 (rewriting N.C.G.S. § 14-39 ), as recognized in Fulcher , 294 N.C. at 521-23, 243 S.E.2d at 350-51.[5]
I would hold that defendant's assaultive conduct (pulling the victim off the bed and kicking him while he was on the floor) is insufficient to support a conviction for kidnapping. This factual scenario is not "the kind of danger and abuse the kidnapping statute was designed to prevent." State v. Irwin , 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981) (citing Dix , 282 N.C. 490, 193 S.E.2d 897 ); cf. State v. Moore , 315 N.C. 738, 745-46, 340 S.E.2d 401, 405-06 (1986) (holding that the evidence was sufficient to show that the defendant's restraint of the victim supported a conviction under N.C.G.S. § 14-39(a)(3) for "terrorizing" the victim when the defendant (1) had previously beaten the victim, (2) moved the victim from his car to his trailer, (3) threatened to shoot the victim if she tried to run, (4) stated he would kill the victim "before letting her take his children away from him," and (5) intermittently pointed a gun at himself or the victim during her confinement in his trailer for almost three hours); State v. Rodriguez , 192 N.C. App. 178, 187-89, 664 S.E.2d 654, 660-61 (2008) (holding that evidence was sufficient to show that the defendant's restraint of the victims supported a conviction under N.C.G.S. § 14-39(a)(3) when the defendant (1) "physically abused some of the victims" in **642 close proximity to and within the earshot of other victims, (2) dunked one of the victims under water, (3) burned that victim "so severely that his skin was peeling," and (4) threatened other victims that they would suffer a similar fate if they did not follow his commands or if they contacted law enforcement). Therefore, I respectfully dissent.

N.C.G.S. § 14-27.4 was rewritten and recodified as N.C.G.S. § 14-27.26 by Act of July 29, 2015, ch. 181, sec. 8, 2015 NC. Sess. Laws 460, 462 (applying to all offenses committed on or after Dec. 1, 2015).

This pseudonym was utilized by the appellate courts for simplicity and to protect the victim's privacy.

While N.C.G.S. § 14-39 provides other means of supporting a conviction for kidnapping, only subdivisions 14-39(a)(2) and (a)(3) are relevant to this discussion. While the jury was instructed under only subdivision 14-39(a)(3), restraint for the purpose of "terrorizing" the victim, our precedent analyzing situations in which the "restraint" used to establish kidnapping is inherent in the commission of other offenses committed by a defendant has developed under subdivision (a)(2), see State v. Fulcher , 294 N.C. 503, 523-24, 243 S.E.2d 338, 351-52 (1978), and has been applied to convictions under subdivision (a)(3), see State v. Prevette , 317 N.C. 148, 157-58, 345 S.E.2d 159, 165-66 (1986) (applying Fulcher to prohibit the State from using the same conduct to support a conviction for murder and the "restraint" element of kidnapping for the purpose of "terrorizing" the victim under subdivision (a)(3) ).

Of course, there is no double jeopardy violation associated with using defendant's assaultive conduct to supply the "restraint" element for kidnapping because, as the majority points out, the trial court arrested judgment on defendant's conviction for misdemeanor assault inflicting serious injury. The error instead stems from the fact that this conduct is insufficient under the statute to support a conviction for kidnapping regardless of whether defendant was convicted or sentenced for the assault offense.

While Dix interpreted an earlier enactment of the kidnapping statute, see Dix , 282 N.C. at 492, 193 S.E.2d at 898 (citing N.C.G.S. § 14-39 (1969) ), the thrust of the quoted language recognizing the unjust consequences of expanding the definition of the offense applies with equal force under the current statute.