STROUD, Judge.
 

 *206
 

 *647
 
 The background of this case can be found in this Court's prior opinion of
 
 McLaughlin v. Bailey
 
 ,
 
 240 N.C. App. 159
 
 ,
 
 771 S.E.2d 570
 
 (2015),
 
 aff'd
 
 ,
 
 368 N.C. 618
 
 ,
 
 781 S.E.2d 23
 
 (2016). The prior appeal was filed in this same case and addressed the same claims and issues.
 
 See
 
 id.
 

 In 2008, plaintiff was a deputy sheriff working in the Mecklenburg County Sheriff's Department.
 

 Id.
 

 at 160
 
 ,
 
 771 S.E.2d at 573
 
 . Defendant Daniel Bailey was elected as sheriff, and defendant then terminated plaintiff's employment.
 
 See
 

 id.
 
 at 160-61,
 
 771 S.E.2d at 573
 
 . Plaintiff Timothy Stanley filed this lawsuit alleging he had been terminated for unlawful reasons.
 
 See
 

 id.
 
 at 161,
 
 771 S.E.2d at 573
 
 . Defendant filed a motion for
 
 *648
 
 summary judgment, and the trial court granted summary judgment for defendants, dismissing plaintiff Stanley's claims.
 
 Id.
 
 at 161-62,
 
 771 S.E.2d at 573
 
 . Plaintiff Stanley appealed, and this Court affirmed the trial court's judgment.
 
 See
 

 id.
 

 ,
 
 240 N.C. App. 159
 
 ,
 
 771 S.E.2d 570
 
 . Plaintiffs then petitioned the North Carolina Supreme Court for discretionary review, and the Supreme Court affirmed this Court's opinion in January of 2016.
 
 See
 

 McLaughlin v. Bailey
 
 ,
 
 368 N.C. 618
 
 ,
 
 781 S.E.2d 23
 
 (2016).
 

 In November of 2017, plaintiff Stanley filed a motion with the trial court under Rule 60(b)(6) for relief from judgment, arguing he was entitled to resurrect his claim based upon the United State Supreme Court's opinion in
 
 Heffernan v. City of Paterson
 
 ,
 
 N.J.
 
 , --- U.S. ----,
 
 136 S.Ct. 1412
 
 ,
 
 194 L.Ed.2d 508
 
 (2016), which was decided after the North Carolina Supreme Court had affirmed the dismissal of his claim. Plaintiff alleged the
 
 Heffernan
 
 case "is now controlling." On 16 February 2018, the trial court entered an order denying plaintiff's motion. Plaintiff appeals.
 

 Plaintiff Stanley contends that the summary judgment for defendants dismissing his claim should be overturned based on
 
 Heffernan.
 
 Defendants contend
 
 Heffernan
 
 is not applicable to plaintiff Stanley's claims and his motion was untimely filed. But we need not address the trial court's substantive rationale for denial of the Rule 60(b)(6) motion or the timing of the motion because the trial court did not have the discretion to allow the Rule 60(b)(6) motion.
 
 See generally
 

 D & W, Inc. v.
 

 Charlotte
 
 ,
 
 268 N.C. 720
 
 , 722-23,
 
 152 S.E.2d 199
 
 , 202 (1966) ("In our judicial system the Superior Court is a court subordinate to the Supreme Court. Upon appeal our mandate is binding upon it and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered.").
 

 This Court normally reviews a trial court's order denying a motion under Rule 60(b)(6) for abuse of discretion:
 

 General Statute 1A-1, Rule 60(b)(6) is equitable in nature and authorizes the trial judge to exercise his discretion in granting or withholding the relief sought. Our Supreme Court has indicated that this Court cannot substitute what it considers to be its own better judgment for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it probably amounted to a substantial miscarriage of justice. Further, a judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason.
 

 *649
 

 Huggins v. Hallmark Enterprises, Inc.
 
 ,
 
 84 N.C. App. 15
 
 , 25,
 
 351 S.E.2d 779
 
 , 785 (1987) (citations, quotation marks, and brackets omitted).
 

 But in this instance, the trial court had no discretion to allow plaintiff's motion,
 
 see generally
 

 D & W, Inc.,
 

 268 N.C. at 722-23
 
 ,
 
 152 S.E.2d at 202
 
 , even if it had determined plaintiff's argument that
 
 Heffernan
 
 somehow changed the law in a way which would affect plaintiff's claim, though ultimately that is not what the trial court determined. The exact same legal issue, with no factual distinctions, argued by plaintiff in the Rule 60(b)(6) motion was argued in the first appeal and the North Carolina Supreme
 
 *207
 
 Court ruled on it; that ruling is the law of the case:
 

 The questions raised in the present appeal must be viewed in the light of the rule that a decision of this Court on former appeal constitutes the law of the case in respect to questions therein presented and decided, both in subsequent proceedings in the trial court and on subsequent appeal when the same matters are involved.
 

 Collins v. Simms
 
 ,
 
 257 N.C. 1
 
 , 3,
 
 125 S.E.2d 298
 
 , 300 (1962). While plaintiff Stanley claims that the United States Supreme Court ruling in
 
 Heffernan
 
 changed the law applicable to his claim, that contention is misplaced because his claim was already over.
 
 [1]
 
 Again,
 

 [i]n our judicial system the Superior Court is a court subordinate to the Supreme Court. Upon appeal our mandate is binding upon it and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered. Otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of authority over inferior tribunals.
 

 D & W, Inc.
 
 ,
 
 268 N.C. at 722-23
 
 ,
 
 152 S.E.2d at 202
 
 .
 

 Since the trial court had no authority to rule upon plaintiff Stanley's Rule 60 motion, we must determine whether the trial court's order is simply erroneous, void, or irregular:
 

 The contention has some procedural significance, and leads to the inquiry as to whether the judgment is erroneous,
 
 *650
 
 irregular or void. The question is not without difficulty. The decisions in this and other jurisdictions establish no strict lines of demarcation, in this category of judgments, for determining whether particular judgments are erroneous, irregular or void. We have held judgments of Superior court which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates of the Supreme Court in the respective causes, especially where they amounted to insubordination, to be unauthorized and void. But we have held judgments, which indicated the judge misunderstood and misinterpreted the opinion of this Court on former appeal and gave it broader significance or narrower scope than we intended, to be erroneous. Judgments of the lower court have been held to be erroneous in a number of cases where its rulings were inconsistent with prior appellate decisions. The Supreme Court has, in at least two cases, held judgments by the lower court to be irregular where they undertook to modify prior opinions of Supreme Court.
 

 Upon the plainest principle, the courts, whose judgments and decrees are reviewed by an appellate court of errors, must be bound by and observe the judgments, decrees and orders of the latter court, within its jurisdiction. Otherwise the courts of error would be nugatory and a sheer mockery. There would be no judicial subordination, no correction of errors of inferior judicial tribunals, and every court would be a law unto itself. But there is no rule of thumb for classifying non-conforming judgments as to whether they are erroneous, irregular or void. Of course general principles apply. But decisions have undoubtedly taken into consideration the circumstances of the particular case, and the necessity for doing justice.
 

 Collins
 
 ,
 
 257 N.C. at 7-8
 
 ,
 
 125 S.E.2d at 303-04
 
 (citations and quotation marks omitted).
 

 Here, the trial court's order conformed to the Supreme Court's prior holding, since the motion was denied, albeit for the wrong reason. But the trial court had no authority to do otherwise and should have simply denied plaintiff's motion based on the law of the case since the issue raised by the Rule 60(b) motion was specifically addressed previously and affirmed by the Supreme Court.
 
 See
 

 McLaughlin
 
 ,
 
 368 N.C. 618
 
 ,
 
 781 S.E.2d 23
 
 . However, the trial court had jurisdiction
 
 *208
 
 to hear plaintiff's Rule 60(b) motion so the order is not void.
 
 See generally
 

 *651
 

 Collins
 
 ,
 
 257 N.C. at 7-8
 
 ,
 
 125 S.E.2d at 303-04
 
 . In theory a proper Rule 60 motion could raise some issue not addressed by the prior appeal and the trial court might have the discretion to grant the motion, although that did not happen here. Furthermore, both in the trial court and on appeal, defendants responded to the substance of plaintiff Stanley's motion without arguing it was barred by the law of the case from the prior appeal, so "[t]he trial court was doubtless misled in the matter by the way in which it was presented."
 
 Cannon v. Cannon
 
 ,
 
 226 N.C. 634
 
 , 637,
 
 39 S.E.2d 821
 
 , 823 (1946). Thus, taking "into consideration the circumstances of the particular case, and the necessity for doing justice[,]" we will characterize the trial court's order analysis simply as erroneous since the trial court "misunderstood and misinterpreted the opinion[s] of [this Court and the Supreme Court] on former appeal and gave [them] ... narrower scope than we intended[.]"
 
 Collins
 
 ,
 
 257 N.C. at 8
 
 ,
 
 125 S.E.2d at 303-04
 
 . The trial court's rationale was in error only because it had no authority to consider the issue presented-nor does this Court, so we will not address the substance of the motion.
 
 See generally
 

 D & W, Inc.
 
 ,
 
 268 N.C. at 722-23
 
 ,
 
 152 S.E.2d at 202
 
 .
 

 We conclude the order is erroneous to the extent that it addresses the substance of plaintiff's motion.
 
 See generally
 

 Lea Co. v. N.C. Board of Transportation
 
 ,
 
 323 N.C. 697
 
 ,
 
 374 S.E.2d 866
 
 (1989) (affirming the trial court's denial of a Rule 60(b) motion "to reopen a prior judgment for the purpose of making additional findings and conclusions as to whether plaintiff should be awarded compound interest as an element of just compensation for defendant's taking of an interest in plaintiff's property by inverse condemnation" because "[t]he mandate of this Court in the second appeal of this case affirmed a judgment of the trial court granting plaintiff simple interest on its award at the rate of 11% per annum for the time between defendant's taking of plaintiff's property and entry of the judgment awarding compensation. As the trial court noted, our mandate did not include a remand for consideration of an award of compound interest; rather, it affirmed a judgment awarding simple interest, which was all the plaintiff had sought." The trial court "had no authority to modify or change in any material respect the decree affirmed." (citations and quotation marks omitted) ).
 
 [2]
 
 But because the
 
 *652
 
 trial court denied plaintiff's motion, which is the correct result, we affirm the order.
 
 See generally
 

 Hughey v. Cloninger
 
 ,
 
 297 N.C. 86
 
 , 95-96,
 
 253 S.E.2d 898
 
 , 903-04 (1979) (affirming where a lower court, this Court, "reached the right result but for the wrong reason").
 

 AFFIRMED.
 

 Judges DIETZ and BERGER concur.
 

 [1]
 

 Plaintiff has not presented any argument as to whether
 
 Heffernan
 
 would have retroactive effect upon his case, and we have not considered this issue. The trial court's order appears to assume that
 
 Heffernan
 
 could have retroactive effect but determined that
 
 Heffernan
 
 did not change the law applicable to plaintiff's claim.
 

 [2]
 

 This case can be contrasted with
 
 McNeil v. Hicks
 
 , where the defendant Allstate Insurance Company "moved for relief from the order of partial summary judgment pursuant to N.C. Gen. Stat. § 1A-1 Rule 60(b)(6) (1990), and for an order dismissing all claims against Allstate without prejudice.... in light of the North Carolina Supreme Court's recent holding in
 
 Andersen v. Baccus
 
 " because in that case the motion was filed while the action was still pending before the Courts.
 
 See
 

 McNeil v. Hicks
 
 ,
 
 119 N.C. App. 579
 
 ,
 
 459 S.E.2d 47
 
 (1995).