NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JACQUELIN JAMILEX LOPEZ SANCHEZ, et al., *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, *Defendant/Appellee*.

No. 1 CA-CV 22-0572
FILED 8-15-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-092441
The Honorable Rodrick Coffey, Judge

**AFFIRMED**

COUNSEL

Rasmussen Injury Law, Mesa
By Chase W. Rasmussen, Alexander M. Hyde
*Counsel for Plaintiffs/Appellants*

Maricopa County Attorney's Office, Phoenix
By Darlene M. Cortina, Pamela A. Hostallero,
Sean M. Moore, Joseph J. Branco
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge David B. Gass and Judge Andrew M. Jacobs joined.

---

**F U R U Y A**, Judge:

**¶1**         Plaintiffs Jacquelin Jamilex Lopez Sanchez, Marlin Lopez Sanchez, Rosario Lopez Sanchez, Iliana Ofelia Sanchez, and Orlando Lopez sued Maricopa County (the "County") for injuries they sustained as the result of an automobile accident involving a deputy (the "Deputy Sheriff") of the Maricopa County Sheriff (the "Sheriff"). The superior court granted the County's motion to dismiss the complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) because the County is not vicariously liable for the Deputy Sheriff's actions. Plaintiffs challenge that order, arguing the County is vicariously liable for the Deputy Sheriff's acts under the doctrine of respondeat superior. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         On June 16, 2021, Plaintiffs were traveling eastbound on Interstate 10 in a vehicle driven by Plaintiff Jacquelin Jamilex Lopez Sanchez. As she slowed for traffic, the Deputy Sheriff rear-ended Sanchez's vehicle. At the time of the accident, the Deputy Sheriff was driving a vehicle owned by the County.

**¶3**         Plaintiffs filed a timely notice of claim under Arizona Revised Statutes ("A.R.S.") § 12-821.01 against the Maricopa County Board of Supervisors. They then sued the County for negligence and negligence per se based on a theory of vicarious liability under the doctrine of respondeat superior. The complaint named the County as the sole defendant; neither the Deputy Sheriff nor the Sheriff were named as defendants.

**¶4**         The County filed a motion to dismiss the complaint under Rule 12(b)(6), arguing it was not vicariously liable for torts committed by the Sheriff's employees. Following briefing, the superior court granted the County's motion to dismiss. The court concluded the County is not liable for common law torts committed by the Sheriff's employees because the County lacks control over how the Sheriff conducts his official duties.

¶5        Plaintiffs filed a timely notice of appeal. We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶6        Plaintiffs appeal the superior court's dismissal of their complaint, asserting that dismissal under Rule 12(b)(6) was improper because the court erred in finding the County was not vicariously liable for the negligent conduct of the Deputy Sheriff.

¶7        We review de novo the court's dismissal of a complaint under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). In reviewing the court's dismissal, we assume the facts alleged in the complaint to be true and affirm the dismissal only if, as a matter of law, Plaintiffs would not be entitled to relief on any interpretation of those facts. *Chalpin v. Snyder*, 220 Ariz. 413, 418 ¶ 18 (App. 2008). Plaintiffs' opening brief copies liberally from the opening brief filed by the appellants in a case this court recently decided, *Loredo, et al. v. Maricopa Cnty.*, 1 CA-CV 22-0259, 2023 WL 2181126 (Ariz. App. Feb. 23, 2023) (mem. decision), *petition for cert. filed* (No. CV-23-0079). Because this court's framing of the issues in *Loredo* addresses all of Plaintiffs' claims in this appeal, and because *Loredo* is highly persuasive, we rely on its discussion and holdings. *See* Ariz. R. Sup. Ct. 111(c).

**I.        The County Is Not Vicariously Liable for the Deputy Sheriff's Alleged Negligence.**

¶8        Generally, counties are not vicariously liable for the acts of elected officials whose duties are imposed by statute or the Arizona Constitution. *Hernandez v. Maricopa Cnty.*, 138 Ariz. 143, 146 (App. 1983) (quoting *Fridena v. Maricopa Cnty.*, 18 Ariz. App. 527, 530–31 (App. 1972)). The Sheriff is elected, and the Legislature establishes an elected sheriff's duties. *See* A.R.S. §§ 11-406(A), -441. Deputy sheriffs possess the same powers and may perform the same duties. A.R.S. § 38-462(A).

¶9        For a deputy sheriff, those duties cover a broad range of activities, including preserving the peace, preventing crimes, attending court hearings, serving process, securing the homes of deceased persons, and conducting or coordinating search and rescue operations. *See* A.R.S. § 11-441(A)(1), (3), (4), (7), (8), (C). To accomplish these statutory duties, deputy sheriffs spend a significant amount of their time operating vehicles.

¶10        Plaintiffs contend personnel who work in the office of the Sheriff, including the Deputy Sheriff concerned in this appeal, are not the

Sheriff's employees "but are . . . employees of the [C]ounty." They cite A.R.S. §§ 11-441, -444(A), and -444(C) for the proposition that the Sheriff is a "county officer" and that each county "bears the cost[s] of the sheriff's conduct." *See also* Ariz. Const. art. 12, § 3. Plaintiffs also cite three federal cases arising under 42 U.S.C. § 1983, arguing they establish that the County's funding of the Sheriff is "strong evidence" that the Sheriff acts on the County's behalf.

¶11         These federal cases, however, are distinguishable because 42 U.S.C. § 1983 does not impose vicarious liability on local governments for their employees' acts. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *see also Flanders v. Maricopa Cnty.*, 203 Ariz. 368, 378 ¶ 61 (App. 2002) ("Liability [under 42 U.S.C. § 1983] is imposed, not on the grounds of *respondeat superior*, but because the agent's status cloaks him with the governmental body's authority."). Additionally, the primary case on which Plaintiffs rely, *McMillian v. Monroe Cnty.*, 520 U.S. 781 (1997), observes that "[a state's] counties are *not* liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious" even though those counties may be required by law to pay a sheriff's salary and provide that sheriff's office with equipment, supplies, and lodging and reimburse their expenses. *Id.* at 789, 791–92 (emphasis added).

¶12         Plaintiffs also cite A.R.S. § 11-251(1), which grants a county board of supervisors authority to

> [s]upervise the official conduct of all county officers and officers of all districts and other subdivisions of the county charged with assessing, collecting, safekeeping, managing or disbursing the public revenues, see that the officers faithfully perform their duties and direct prosecutions for delinquencies, and, when necessary, require the officers to renew their official bonds, make reports and present their books and accounts for inspection.

Plaintiffs argue the phrase "[s]upervise the official conduct of all county officers" establishes a "broad, at-all-times right of control." But when read in context, this language does not grant plenary power to supervise county officers; it instead gives boards the authority to supervise those who are "charged with assessing, collecting, safekeeping, managing or disbursing the public revenues." *See State v. Jones*, 196 Ariz. 306, 307 ¶ 7 (App. 1999) ("Every provision of a statute must be read in conjunction with the other provisions, giving meaning, if possible, to 'each word, clause or sentence,

considered in the light of the entire act itself and the purpose for which it was enacted into law.'") (quoting *Frye v. S. Phoenix Volunteer Fire Co.*, 71 Ariz. 163, 168 (1950)); *cf. Hounshell v. White*, 220 Ariz. 1, 5 ¶ 21 (App. 2008) (interpreting § 11-251(1) as granting the board authority to supervise county officers "in some limited circumstances"). Indeed, if § 11-251(1) conferred broad authority to supervise all county officer functions, the Legislature would have had no reason to enact the other subsections of § 11-251 that authorize boards of supervisors to direct the prosecution and defense of all actions to which their respective counties are a party, permit their sheriffs to offer rewards, or direct their sheriffs to transport insane persons to the state hospital. A.R.S. § 11-251(14), (25), (26).

¶13　　　　Reading § 11-251(1) to confer only fiscal authority is consistent with § 11-409, which grants county officers the power to appoint deputies and other staff "necessary to conduct the affairs of their respective offices" and gives the board limited authority to consent to those appointments and fix salaries. A.R.S. § 11-409; *see also Hounshell*, 220 Ariz. at 4 ¶ 14 ("The fact that the Board must consent to the appointment of a given employee does not make the Board a separate appointing authority."). It also is consistent with § 11-444, which obligates sheriffs to render a monthly accounting and provides that most of a sheriff's "actual and necessary expenses" are "a county charge." A.R.S. § 11-444(A), (C). These statutes also suggest that the authority of boards of supervisors to supervise county officers under § 11-251(1) is fiscal in nature. *See State of the Neth. v. MD Helicopters, Inc.*, 250 Ariz. 235, 238 ¶ 8 (2020) ("[W]e interpret statutory language in view of the entire text, considering the context and related statutes on the same subject.") (quoting *Molera v. Hobbs*, 250 Ariz. 13, 24 ¶ 34 (2020)).

¶14　　　　Our conclusion is also consistent with this court's prior decision in *Fridena v. Maricopa County*, 18 Ariz. App. 527 (1972). In *Fridena*, this court declined to impose vicarious liability on the County for the tortious acts of deputy sheriffs because the County had "no right of control over the Sheriff or his deputies" in serving a defective writ of restitution. 18 Ariz. App. at 529–30. Such control is critical to imposition of vicarious liability. *See Engler v. Gulf Interstate Eng'g, Inc.*, 227 Ariz. 486, 491, ¶ 17 (App. 2011), *aff'd*, 230 Ariz. 55, ¶ 17 (2012) (observing that to be liable for an employee's negligence, an employer must be subject to the employer's control or right of control).

¶15　　　　Plaintiffs contend we should not follow *Fridena*, again relying on their broad reading of § 11-251(1) discussed above. They also contend

*Fridena* is distinguishable because service of a writ of restitution is a "judicial-related activity," but the holding in *Fridena* is not so narrow:

> When duties are imposed upon . . . a board of county commissioners by law rather than by the county, the latter will not be responsible for their breach of duty or for their nonfeasance or misfeasance in relation to such duty. Furthermore, where the duties delegated to officers elected by public corporations are political or governmental, the relation of principal and agent does not exist and the maxim "respondeat superior" does not govern.

18 Ariz. App. at 530–31. Moreover, the statutory duties that cause a deputy sheriff to drive a vehicle are often "judicial-related" in nature. *See, e.g.*, A.R.S. § 11-441(A)(3), (4), (7).

**¶16** Plaintiffs ask us to rely on *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527 ¶ 15 (2006), but our supreme court did not interpret § 11-251(1) in *Falcon*. *Falcon* instead considered who could accept service of a notice of claim against a county under A.R.S. § 12-821.01(A) and Rule 4.1. *See id.* at 528 ¶¶ 16–18.

**¶17** Plaintiffs also rely on *Board of Supervisors of Maricopa County v. Woodall*, 120 Ariz. 391, 394 (App. 1978), *aff'd in part, rev'd in part*, 120 Ariz. 379 (1978), to contend the board of supervisors "is given direct power to supervise all officers of the county and its subdivisions." In *Woodall*, this court addressed whether a board of supervisors could retain counsel other than its county attorney to provide legal advice. *Id.* at 395. This court held that a board of supervisors could do so. *Id.* at 396. Still, a county attorney's office, "as with other county offices under the constitution, is assigned express powers and duties which are separately exercised." *Id.*; *see also* A.R.S. § 11-532. The same is true of sheriffs, whom the Legislature tasked with preserving the peace, preventing crimes, and generally fulfilling other statutory obligations. A.R.S. § 11-441(A), (C).

**¶18** We hold the County is not vicariously liable for the negligent conduct of the Sheriff's employees, including the Deputy Sheriff, because the County does not control or supervise these employees in any sense sufficient to give rise to a principal-agent relationship between them. *Fridena*, Ariz. App. at 529–30. In so holding, we are not alone. Other jurisdictions have likewise found sheriffs to be independently elected county officers and therefore not employees of the county in which they serve. *See Carver v. Sheriff of La Salle Cnty.*, 787 N.E.2d 127, 136 (Ill. 2003)

("The parties at bar do not dispute that . . . a sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves."); *Green v. Baldwin Cnty. Bd. of Comm'rs*, 842 S.E.2d 916, 917 (Ga. Ct. App. 2020) ("[It] is well established that deputy sheriffs are employees of the sheriff, not the county, and the county cannot be held vicariously liable as their principal.") (citation omitted); *McLaughlin v. Bailey*, 771 S.E.2d 570, 576 (N.C. Ct. App. 2015), *aff'd*, 781 S.E.2d 23 (N.C. 2016) ("The fact that the county is the source of funding to pay deputies does not change their status as employees of the sheriff."); *Etowah Cnty. Comm'n v. Grant*, 10 So. 3d 1009, 1012 (Ala. Civ. App. 2007) ("[A]ll deputy sheriffs in this state are considered employees of the sheriff in whose county the deputy serves."); *Bryson v. Oklahoma Cnty. ex rel. Oklahoma Cnty. Det. Ctr.*, 261 P.3d 627, 632–33 ¶ 12 (Okla. Civ. App. 2011) ("[B]ecause the County was not [detention officer's] employer it cannot be held vicariously liable for his alleged torts.").

## II.    Plaintiffs Did Not Lack a Remedy.

**¶19**        Plaintiffs contend they are left without a remedy if the County cannot be held vicariously liable because they cannot sue the Maricopa County Sheriff's Office ("Sheriff's Office"). *See Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487 ¶ 13 (App. 2010) (stating that the Sheriff's Office is a non-jural entity that cannot be sued). They argue such a ruling would be tantamount to the grant of full immunity to the County for the negligent driving of the Sheriff's employees because there would be no party to sue. But other plaintiffs have sought relief for the tortious acts of a sheriff's deputies by suing that sheriff. *See, e.g.*, *Zupancic v. Penzone*, 1 CA-CV 20-0288, 2021 WL 2435643 (App. June 15, 2021) (mem. decision); *Novak v. Penzone*, 1 CA-CV 19-0129, 2019 WL 6712310 (App. Dec. 10, 2019) (mem. decision); *Dulin v. Penzone*, 1 CA-CV 19-0162, 2019 WL 5457775 (App. Oct. 24, 2019) (mem. decision); *Ibeabuchi v. Penzone*, 1 CA-CV 18-0131, 2018 WL 4500768 (App. Sept. 18, 2018) (mem. decision). We express no opinion as to whether Plaintiffs here could timely assert any such claim under applicable limitations statutes. *See* A.R.S. §§ 12-821, -821.01.

**¶20**        Plaintiffs further contend the County must remain in the case as the responsible party to ensure there is a public entity liable to pay damages for the torts committed by public employees. *See* A.R.S. § 12-823 ("If judgment is rendered for the plaintiff, it shall be for the amount actually due from the public entity to the plaintiff[.]"). For support, they point to *Melendres v. Maricopa County*, 815 F.3d 645 (9th Cir. 2016), contending the County conceded it would bear the financial costs of any judgment against the Sheriff or against any employees of his office. But *Melendres* is a 42

U.S.C. § 1983 case that did not address vicarious liability. *Id.* at 650–51 (quoting *Flanders*, 203 Ariz. at 378 ¶ 61). The *Melendres* court did not determine whether the County supervised the Sheriff or his employees in fulfilling their statutory duties. It instead stated that the County could "rely on the degree to which it can control [the Sheriff's] behavior to potentially avoid . . . adverse consequences" if the Sheriff chose not to comply with an already-entered injunction. *Melendres*, 815 F.3d at 651.

### III. The Statutes Governing Claims Against Public Employees and Public Entities Do Not Establish County Liability.

¶21 Plaintiffs next argue "the notice-of-claim system's structure" proves that they have the statutory right to sue the County for the tortious conduct of the Sheriff and the Deputy Sheriff. *See* A.R.S. §§ 12-820 to -826. This argument fails for two reasons. First, the argument is premised on an incorrect reading of the claims statutes. Second, the claims statutes do not create a substantive right to sue public entities.

#### A. Plaintiffs' Misread the Claims Statutes.

¶22 Plaintiffs' argument that the claims statutes support the County's vicarious liability for the negligence of the Deputy Sheriff relies on their reading of A.R.S. § 12-820(1), (6), and (7) to conclude that the Sheriff and his employees are "public employee[s]" who, by definition, must be employed by a "public entity." A public entity, they argue, means only this state and "any political subdivision of this state." A.R.S. § 12-820(7). As the primary political subdivision sponsoring the Sheriff, they conclude the County is the only possible "public entity" that can employ the Sheriff and his employees and, therefore, the County must be vicariously liable for their negligence. But Plaintiffs read the definition of "public entity" too narrowly.

¶23 The statute states "'Public entity' *includes* this state and any political subdivision of this state." A.R.S. § 820(7) (emphasis added). The use of "includes" suggests that "public entity" encompasses—but is not necessarily limited to—the state and its political subdivisions. *See State ex rel. Dep't of Econ. Sec. v. Torres*, 245 Ariz. 554, 558 ¶ 14 (App. 2018) ("[W]hen the legislature does not define a term, but states that the term 'includes' specified items, we construe the term to also include other items that fall within the term's ordinary meaning."). Constitutional officers—such as sheriffs—are persons fulfilling a public role through service in duly elected governmental offices. In other words, they are personal entities who act in a public capacity by virtue of their elected office. Thus, including such

constitutional officers within the definition of "public entity" under A.R.S. § 12-820(7) is consistent with a practical and commonsensical understanding of that term. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 183 ¶ 33 (App. 2008) ("When interpreting a term, we apply a practical and commonsensical construction.") (cleaned up). Therefore, we conclude county sheriffs, as duly elected constitutional officers, qualify as "public entities" under A.R.S. § 12-820(7).

¶24　　　Because we conclude that sheriffs are themselves public entities open to suit for tortious conduct, we disagree with Plaintiffs' assertion that the County must be the public entity-employer of the Deputy Sheriff in this case.

> **B.　The Victim of a Tort Committed by a Public Employee Does Not Have the "Statutory Right" to Serve the Notice of Claim, and to Sue, the Public Employee, the Public Entity, Or Both.**

¶25　　　Finally, we reject Plaintiffs' reliance on A.R.S. §§ 12-821 and -821.01 to establish a "statutory right" to serve a notice of claim on, and to sue, a public employee or the public entity, or both. These statutes do not create an independent right for plaintiffs to serve notices of claim on, or to sue, public employees or entities. *See, e.g.*, *McKee v. State*, 241 Ariz. 377, 384 ¶ 30 (App. 2016) ("[T]he notice of claim statute does not . . . contain language suggesting its purpose is to confer the power to sue and be sued on a nonjural entity."). Arizona courts may imply an independent right of action only when doing so is consistent with "the context of the statutes, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law." *Transamerica Fin. Corp. v. Superior Court*, 158 Ariz. 115, 116 (1988).

¶26　　　Here, the purpose of the notice of claim statutes is to provide the public entity with an opportunity "to investigate the claim, assess its potential liability, reach a settlement prior to litigation, budget and plan." *McKee*, 241 Ariz. at 384 ¶ 30 (citations omitted); *see* A.R.S. § 12-821.01(A). Likewise, the purpose of the statute of limitations is to bar stale claims against public employees and public entities by requiring that plaintiffs bring their claims within one year of accrual. *See* A.R.S. § 12-821; *see also* *Porter v. Spader*, 225 Ariz. 424, 427 ¶ 7 (App. 2010). These statutes exist to benefit and protect the government. Thus, we are not persuaded that they create an independent cause of action that enables Plaintiffs to sue the County for the negligence of the Sheriff's employees.

## CONCLUSION

¶27　　　For the reasons stated above, we affirm.

